365 So.2d 35 (1978)
George CRIER
v.
CITY OF NEW ORLEANS, New Orleans Police Department and Harry Connick, District Attorney For the Parish of Orleans.
No. 9552.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Pitard, Pitard & Porobil, Robert F. Pitard, New Orleans, for plaintiff-appellant.
*36 Robert F. Barnard, Asst. Dist. Atty., for defendant-appellee, Harry F. Connick, Dist. Atty.
Before LEMMON, STOULIG and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his suit against Harry Connick, District Attorney for the Parish of Orleans on his exception of no cause of action. In his original petition filed on June 9, 1966, plaintiff alleged that he was arrested on May 7 by New Orleans Police Officers who "acted with malice and executed the arrest without an arrest warrant and without probable cause to make an arrest." The petition further alleges that he was incarcerated and was subjected to a police lineup on May 12, with the result that he was exonerated, but the charges were not dropped until May 14. His suit was brought against the City of New Orleans and New Orleans Police Department. On November 30, 1977, plaintiff amended his petition to make Harry Connick, as District Attorney for the Parish of Orleans, and the Parish itself, a defendant, by alleging that Connick and the Police Department made the arrest and acted with malice against him. Connick's exception was based on his immunity from liability and the trial judge in maintaining the exception did so because Connick "is immune in these proceedings."
In reviewing a judgment on an exception of no cause of action, an appellate court must take the allegations of the plaintiff as true. Haskins v. Clary, 346 So.2d 193 (La.1977). Applying this test to the instant case, we have the allegation that Harry Connick arrested and incarcerated the plaintiff and was motivated by malice against him. While such an allegation tends to tax one's credulity, we are dealing with an exception of no cause of action and must overrule the exception and remand the case for further proceedings.
The trial judge took the position that the District Attorney is absolutely immune to a civil lawsuit, but this approach is not supported by the jurisprudence of Louisiana. In Berry v. Bass, 157 La. 81, 102 So. 76 (1924), the court indicated that a plaintiff has a cause of action against an inferior magistrate where he exercises his functions with malice. In Conques v. Hardy, 337 So.2d 627 (La.App. 3rd Cir. 1976), the court indicated that a plaintiff had a cause of action against a justice of the peace where malice was alleged and proved.
In Cerna v. Rhodes, 341 So.2d 1157 (La. App. 1st Cir. 1977), plaintiff brought suit against a district attorney and his suit was dismissed after a trial on the merits. The court there noted that an element of proof in a malicious prosecution suit against the district attorney is malice on the part of the defendant. Although the issue of prosecutorial immunity was not discussed in the opinion, in his concurrence with the denial of writs by the Supreme Court at 343 So.2d 1067, Justice Tate subscribed to the theory of absolute prosecutorial immunity set forth by the Supreme Court of the United States in Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).
The Imbler case does support the trial judge's disposition of the instant case as follows:
"We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law. To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."
Despite Justice Tate's apparent subscription to this view we find no expression of our Supreme Court as a whole which confers absolute immunity on a district attorney from suit for malicious actions on his part.
Finally, we emphasize that this case is based on an allegation by the plaintiff that Harry Connick actually did the arresting and incarceration of plaintiff with malice, and while it is difficult for us to imagine the district attorney performing such acts we have no alternative but to overrule *37 the exception of no cause of action. Other procedural devices than the exception, such as a motion for a summary judgment, might be more appropriate for use by the District Attorney in this case to bring about an expeditious dismissal of the suit.
The judgment appealed from is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.