385 So.2d 1253 (1980)
Margaret Jean HALL
v.
The CITY OF NEW ORLEANS, New Orleans Police Department, Detective Charles Schlosser and Dale Bonura, District Attorney Harry Connick, Robert K. Brondum, Leonard C. Brondum, Jo Ann Mershad, Larry J. Wood, Sr., Robert K. Brondum and Associates, Inc., Midland Insurance Company and Christopher Eardley Hall.
No. 10686.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1980.
Rehearing Denied August 5, 1980.
*1254 Favret, Favret, Demarest & Russo, J. Paul Demarest, New Orleans, for plaintiff-appellant.
William F. Wessel, Victoria Lennox Bartels, New Orleans, for defendant-appellee (Harry Connick, District Attorney).
Before GULOTTA, BOUTALL and CHEHARDY, JJ.
GULOTTA, Judge.
The issue presented here is whether a district attorney is subject to civil liability in damages for advising the police to release from custody a person accused by plaintiff of committing a felony.
Plaintiff, Mrs. Margaret Jean Hall, instituted this suit for damages sustained by her as the result of the alleged abduction of her minor son from her home in New Orleans, and the removal of the child to the State of California. Several defendants are named in the suit, including plaintiff's former husband, Christopher Eardley Hall, the New Orleans Police Department, several detectives and private investigators, and Harry Connick, the District Attorney for the Parish of Orleans. District Attorney Connick filed an exception of no cause of action, pleading "absolute immunity which protects prosecutors from civil suit for damages." Judgment was rendered by the trial court sustaining that exception and dismissing this suit as to Connick. Plaintiff appeals.
Connick answered, alleging that the appeal was frivolous and without merit, and praying that the appellant be condemned to pay damages and the costs incurred in both courts.
Our primary concern here is whether plaintiff's petition states a cause of action as to Connick.
The peremptory exception of no cause of action tests the legal sufficiency of the petition. For the purpose of determining the validity of such an exception, all well pleaded allegations of fact are accepted *1255 as true. Haskins v. Clary, 346 So.2d 193 (La.1977).
In this suit plaintiff alleges that she is the mother of two minor children, Christopher Eardley Hall, Jr. and Tiffany Susan Hall, issue of her marriage to her former husband, Christopher Eardley Hall. Mrs. Hall was awarded custody of these children by judgment of the Civil District Court for the Parish of Orleans, rendered on August 29, 1978, which judgment prohibits her former husband from visiting the children away from petitioner's home and from removing the children from the jurisdiction of that court.
The petition further alleges that on September 1, 1978, Mrs. Hall's young son, Christopher, was abducted from the front of her home in New Orleans, forced to enter an automobile and was transported away. Plaintiff promptly informed the New Orleans Police Department that her son had been kidnapped, and that the possible perpetrator was her former husband. She told them that she had a valid judgment awarding her the custody of her son and prohibiting the father from removing the child from the Parish of Orleans.
Plaintiff also alleges that two detectives of the New Orleans Police Department learned several hours later that plaintiff's husband was then in Mobile, Alabama, and that he had plaintiff's son in his custody. Upon instructions of the New Orleans Police Department, Mr. Hall was then detained by the Mobile Airport Security. She alleges, however, that her former husband informed the Mobile authorities, as well as the detectives of the New Orleans Police Department, that he had "court papers" from the State of California which granted him custody of the child. The above detectives, with the advice and consent of other members of the New Orleans Police Department, then allowed the release of the said Christopher Eardley Hall from the custody of the Mobile authorities, and Mr. Hall thereupon returned to California with the child. Plaintiff alleges that since that time she has been prohibited from contacting her son.
The petition contains the following allegations with reference to the alleged acts of defendant Harry Connick:
"X
... However, the Defendants herein, DETECTIVE CHARLES SCHLOSSER and DETECTIVE DALE BONURA, and other supervisors and employees of THE NEW ORLEANS POLICE DEPARTMENT made the decision either upon their own advice or that of the District Attorney's, and refused to place a hold on CHRISTOPHER EARDLEY HALL, so that the child could be retrieved and returned to New Orleans.
XI
Petitioner avers that because of the inaction and failure of THE NEW ORLEANS POLICE DEPARTMENT, its agents and employees, and in particular the Defendants DETECTIVE CHARLES SCHLOSSER and DALE BONURA, and further, the inaction of the DISTRICT ATTORNEY, HARRY CONNICK, his agents and employees, who advised the said NEW ORLEANS POLICE DEPARTMENT, in this matter, caused your Petitioner herein to suffer the permanent loss, of her minor child, CHRISTOPHER EARDLEY HALL, JR.
XII
Petitioner further avers that upon information furnished by THE NEW ORLEANS POLICE DEPARTMENT the District Attorney for the Parish of Orleans, the HONORABLE HARRY CONNICK, his agents and employees, did advise THE NEW ORLEANS POLICE DEPARTMENT, its agents and employees that they were authorized to release from custody CHRISTOPHER EARDLEY HALL, although he had clearly violated a Louisiana Felony Statute by his actions both individually and in conspiracy with other named Defendants herein.
* * * * * *

*1256 XVI
Petitioner avers that as a result of the willful, intentional, malicious and negligent actions of the above named Defendants, she has been damaged by all named Defendants to the extent that she has suffered a great deal of mental anguish, pain and suffering for the loss of her child, and will continue to suffer additional loss until such time as her son is lawfully returned to her and Petitioner avers that her damages are at a minimum of $1,000,000.00."
The trial judge concluded that the allegations in plaintiff's petition were not sufficient to state a cause of action against the District Attorney.
Plaintiff argues that this appeal concerns "the involvement of the District Attorney for the Parish of Orleans in a kidnapping." She contends that the authorization to release her former husband from the custody was given by defendant Connick or his assistant, that the authorization was granted despite the fact that "appellee knew that a complaint had been made to the New Orleans Police Department by the appellant," and that by allowing Mr. Hall to retain physical custody of the child the District Attorney "assisted, caused and encouraged the successful completion of an unlawful act."
Connick contends that the custody and control of persons who have been arrested rests with the police, that he has no authority to either release or retain a person, and that in the final analysis plaintiff's allegations boil down to an assertion that the District Attorney refused to accept a charge of kidnapping against Mr. Hall. He argues that there is no duty on the part of the public prosecutor in Louisiana to initiate any particular criminal proceeding; nor is there any standing to object on the part of any person who perceives himself aggrieved by the prosecutor's failure to prosecute. The immunity of the prosecutor under these circumstances, he argues, is absolute.
Because plaintiff has failed to show there was any duty toward her violated by the District Attorney, and has failed to state a cause of action on that ground, we find it unnecessary to discuss the immunity question.[1]
The Louisiana Constitution of 1974, Art. 5, Sec. 26(B), provides:
"(B) Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law."
R.S. 16:1(C) more or less reiterates the language of the Constitution, setting forth the duties and powers of the District Attorney for the Parish of Orleans.
More specifically, Article 61 of the Code of Criminal Procedure provides,
"Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." (Emphasis added).
Under C.Cr.P. art. 691, the district attorney has the power to dismiss a prosecution at his discretion.
In addition, C.Cr.P. art. 381 states,
"A criminal prosecution is brought in the name of the state in a court of criminal jurisdiction, for the purpose of bringing to punishment one who has violated a criminal law.

The person injured by the commission of an offense is not a party to the criminal *1257 prosecution, and his rights are not affected thereby." (Emphasis added.)
The cited laws give the district attorney broad discretionary power in both instituting and handling criminal prosecutions. Plaintiff's claim, therefore, is that the district attorney refused to prosecute her ex-husband for kidnapping their son, and she has stated no cause of action because such a decision is within the district attorney's constitutionally-granted powers.
Having so concluded, we find no error in the trial court's judgment maintaining the District Attorney's exception of no cause of action. We find no merit further to the District Attorney's claim for damages for frivolous appeal. Plaintiff's appeal was on a valid legal question not yet settled by the law of this state.
Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] The federal courts have held district attorneys immune from liability under 42 U.S.C.A. § 1983 for civil rights violations stemming from false arrest or malicious prosecution. See Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Conner v. Pickett, 552 F.2d 585 (5th Cir. 1977). However, Louisiana law does not hold district attorneys immune from civil liability for malicious prosecution. See, e. g., Crier v. City of New Orleans, 365 So.2d 35 (La.App. 4th Cir. 1978).