463 So.2d 891 (1985)
Barry W. FOSTER, Plaintiff-Appellant,
v.
B.B. POWDRILL, et al., Defendant-Appellee.
No. 16747-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
Sadye Kern Bernheim, Monroe, for plaintiff-appellant.
Barham, Adkins & Tatum and R.W. Farrar, Jr., Monroe, for defendant-appellee.
*892 Before HALL and FRED W. JONES, Jr., JJ., and PRICE, J. (Pro Tempore).
PRICE, Judge Pro Tempore.
Plaintiff, Barry W. Foster, appeals the judgment of the trial court which sustained the peremptory exception of no cause of action of defendant, T.J. Adkins, and dismissed the suit against him in plaintiff's action for false arrest and imprisonment. We affirm the judgment of the trial court for the following reasons.
In his petition, plaintiff alleged that on January 25, 1982, he received a speeding ticket in Union Parish, Louisiana. The ticket was issued by B.B. Powdrill, a trooper with the Louisiana State Police. Plaintiff's driver's license was retained pending payment of the citation. The citation issued to plaintiff stated that he was to appear at the Third Judicial District Court in Union Parish on February 23, 1982. On February 22, 1982, plaintiff went to pay his ticket in Union Parish. Plaintiff was informed by Annette Lee, an employee of the Union Parish Sheriff's Office, that the arraignment date contained in the citation was incorrect and should have in fact been February 22, 1982. A search for the ticket was made at that time but no record of the ticket could be found. Payment on the ticket was accepted and a receipt was issued to plaintiff.
On April 5, 1982, plaintiff responded to a knock on the door at his home in West Monroe, Louisiana and was subsequently placed under arrest by an officer with the West Monroe Police Department. The arresting officer stated that he was acting pursuant to an arrest warrant issued in Lincoln Parish for plaintiff's failure to appear for arraignment on a traffic citation. Plaintiff was then searched, handcuffed, and taken to West Monroe City Jail where he was photographed, fingerprinted, and booked. Plaintiff was placed in a holding cell for approximately two and one-half hours.
Acting upon plaintiff's protestations of innocence, the West Monroe Police Department contacted the Union Parish Sheriff's Department and was informed that plaintiff had already paid the ticket. Further, it was found that there was an additional error in that the citation was sent improperly to Lincoln Parish rather than Union Parish. Plaintiff filed the instant suit on April 4, 1983, seeking damages for false arrest and false imprisonment. Plaintiff initially named the following persons as defendants:
A) B.B. Powdrill, individually and in her official capacity as a Louisiana state trooper;
B) The State of Louisiana through its political subdivision, the Department of Public Safety;
C) Annette Lee, individually and in her official capacity as an employee of the Union Parish Sheriff's Department, and
D) Eugene Patterson, in his capacity as Sheriff of Union Parish.
In a supplemental and amending petition, T.J. Adkins, District Attorney for Union and Lincoln Parish, and an unknown employee of the district attorney were named by the plaintiff as defendants. Plaintiff alleged that because of the negligent acts of an unknown employee of the district attorney, the traffic ticket was retained in that office for several weeks with no one checking whether the ticket had been paid. This ultimately resulted in the issuance of an arrest warrant.
Defendant, Adkins, filed a peremptory exception of no cause of action alleging that the plaintiff's allegations did not disclose that the district attorney or any of his employees participated in any manner in plaintiff's false arrest or imprisonment. Further, that plaintiff did not allege malice on the part of the district attorney or any of his employees, and in order to state a cause of action, malice must be alleged and it must be alleged that the district attorney and his employees actually participated in the alleged false arrest and imprisonment.
The court sustained the exception of no cause of action, dismissing plaintiff's suit against the district attorney. The court *893 found that the district attorney had requested that a bench warrant issue for plaintiff's arrest which was a step in the prosecution of the plaintiff. However, the court construed plaintiff's petition as seeking damages for malicious prosecution, an essential element of which is malice. As plaintiff failed to allege malice in his petition, defendant Adkins' exception was sustained.
On appeal, plaintiff essentially asserts the following assignments of error:
1) The trial court erred in finding that plaintiff's petition sought damages for malicious prosecution and that malice must be alleged against the district attorney and his employees when plaintiff's cause of action was based solely upon the ground of false arrest, where no malice requirement is necessary; and
2) The trial court erred in its determination that a district attorney may not be held liable when he or his employees directly and/or indirectly caused a false arrest through their negligence.
Plaintiff contends that the district attorney may be held liable for false arrest and imprisonment in the absence of allegations of malice as distinguished from malicious prosecution in which malice is an essential element.
Defendant contends that a district attorney is not liable in the performance of official duties in the absence of a showing of malice under the doctrine of judicial immunity.
A district attorney "... is a constitutional officer who serves in the judicial branch and exercises a portion of the sovereign power of the state within the district of his office." Diaz v. Allstate Ins. Co., 433 So.2d 699 (La.1983) at p. 701. The office, duties, and powers of the district attorney are governed by the legislature and constitution and are not subject to local control. The office of the district attorney is an office of the state rather than of the local government. Diaz v. Allstate Ins. Co., supra.
As the district attorney acts in a judicial or quasi-judicial capacity, he enjoys essentially the same immunity from liability for damages that protects a judge. However, since this immunity is conferred on the district attorney solely by the virtue of the office he holds, the rule becomes different if the district attorney acts in a matter clearly outside the authority or jurisdiction of his office. As the district attorney is acting in another capacity, then the reason for his immunity, the integral relationship between his acts and the judicial process, ceases to exist. See 63A Am. Jur.2d Prosecuting Attorneys § 4 (1984). See also 27 C.J.S. District & Pros. Attys. § 16 (1959).
As noted in 63A Am.Jur.2d Public Officers and Employees § 358 (1984), it has been generally recognized that public officers would be greatly hampered, deterred and intimidated in the discharge of their duties if those who act improperly or exceed their authority were not protected to some reasonable degree by being relieved from private liability. The rationale for immunity is to promote fearless, vigorous, and effective administration of the policies of government. The threat of suit could deter competent people from taking office as well as presenting a drain of valuable time caused by defending such actions.
In Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the United States Supreme Court discussed prosecutorial immunity to suit under 42 U.S.C. § 1983. The court noted that the immunity of a prosecutor is based upon the same considerations that underlie the immunity of judges. These include the concern that harassment by unfounded litigation would somehow cause a deflection of the energy of the prosecutor from his public duties and the possibility that the prosecutor would shade his decisions instead of exercising the independence of judgment required by his public trust. The work of the prosecutor would be impeded and it would deter the desired objective of strict and fair law enforcement. The court concluded *894 that these considerations mandated absolute prosecutorial immunity.
The question of whether a district attorney enjoys absolute immunity against civil law suits has not been ruled on by the Louisiana Supreme Court. However, it does appear that a district attorney is immune from civil liability in a suit for false arrest and imprisonment based upon negligence, absent allegations, and proof of malice. Appellate court opinions indicate that the district attorney may only be sued in actions for malicious prosecutions. See Crier v. City of New Orleans, 365 So.2d 35 (La.App. 4th Cir.1978) and citations therein. See also Cerna v. Rhodes, 341 So.2d 1157 (La.App. 1st Cir.1976) and Hall v. City of New Orleans, 385 So.2d 1253 (La.App. 4th Cir.1980), writ denied 393 So.2d 739 (La. 1980). The court in Crier v. City of New Orleans, supra, noted that there was no expression of our Supreme Court as a whole which would confer absolute immunity on a district attorney from suits for malicious prosecutions although Justice Tate subscribed to the theory of absolute prosecutorial immunity set forth in Imbler v. Pachtman, supra, in his concurrence to the denial of writs in Cerna v. Rhodes, supra. See Cerna v. Rhodes, 343 So.2d 1067 (La.1977).
In reviewing the trial court judgment on an exception of no cause of action, the appellate court must take the allegations of the plaintiff as true. Crier v. City of New Orleans, supra. In his petition, plaintiff does not make any allegations that the district attorney and the unknown employee acted with any malice in the issuance of the arrest warrant.[1] Thus, the trial court did not err in sustaining defendant's exception.
For these reasons, the judgment of the trial court in favor of defendant, T.J. Adkins, is affirmed at plaintiff's costs.
AFFIRMED.
NOTES
[1] As we understand plaintiff's position in brief and at oral argument, he does not contend that the district attorney or his employee acted with malice, therefore we find it unnecessary to remand the case to allow plaintiff to amend his petition to state a cause of action.