537 So.2d 232 (1988)
Augusta JOHNSON
v.
Charles C. FOTI, Criminal Sheriff for the Parish of Orleans, Harry F. Connick, District Attorney for the Parish of Orleans, and Edward Lombard, Clerk of Criminal District Court for the Parish of Orleans.
No. 88-CA-0560.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1988.
Writ Denied February 24, 1989.
*233 Jack W. Jernigan, III, Jernigan & Weiner, New Orleans, for plaintiff-appellee, Augusta Johnson.
John S. Keller, New Orleans, for defendant-appellant, Harry F. Connick.
Nolan P. Lambert, Franz Zibilich, Asst. City Attys., New Orleans, for defendant-appellant, City of New Orleans.
Before BARRY, KLEES and BYRNES, JJ.
BARRY, Judge.
On August 11, 1985 the plaintiff, Augusta Johnson, was arrested for Obstruction of a Sidewalk, a municipal violation. A check by the New Orleans Police Department (NOPD) revealed an outstanding arrest warrant from Cleveland, Ohio for "Oral Johnson" who had the same birthdate, race, sex and last name as the plaintiff, but a different height, weight and first name. NOPD teletyped Cleveland to confirm the warrant and ascertain whether they would extradite Johnson. On August 15, 1985 Cleveland confirmed the outstanding warrant. NOPD informed Cleveland that Johnson would be held, rebooked him with a $25,000 bond, and asked Cleveland whether they would extradite. Meanwhile, Johnson pleaded guilty to the municipal charge and was sentenced to pay $10 or serve 10 days in jail.
On August 19, 1985 Cleveland teletyped that it would not extradite. On that same date NOPD Detective Armour filed an affidavit of the warrant from Cleveland.
On August 27, 1985 Johnson appeared in Section "I" of Criminal District Court and an extradition hearing was set for September 30, 1985, despite the August 19 notice from Cleveland that it would not extradite. On September 12, 1985 the Cleveland teletype (that Johnson would not be extradited) was filed in Court by an assistant district attorney, the warrant was dismissed, and Johnson was released.[1]
Johnson filed an original and amended petition for damages against the District Attorney, Criminal Sheriff, Clerk of Criminal District Court, and the City of New Orleans (through NOPD) alleging that he was wrongfully incarcerated for 29 days as a result of the defendants' gross negligence. The District Attorney's exception of no cause of action was overruled along with an exception based on prosecutorial immunity. As to the latter, the trial court said:
[T]he petition alleges actions on the part of the District Attorney within his administrative capacity rather than in his capacity as prosecutor and the doctrine of prosecutorial immunity does not afford protection for actions taken in a purely administrative capacity.
Pursuant to joint motions, Sheriff Foti and Clerk Lombard were dismissed with prejudice, leaving the District Attorney and City as co-defendants.
The trial court awarded Johnson $25,000 for pain, suffering, aggravation and humiliation, $1,750 for lost wages, plus interest and costs. The District Attorney and City were cast in solido, apportioned 50% to each, and both appealed.
The central issue at trial concerned the time when the District Attorney's office was notified by NOPD of Cleveland's refusal to extradite.
The City claims the District Attorney admitted receiving notice on August 19, 1985 that Cleveland refused to extradite and the District Attorney should not have been permitted to present evidence on that issue.
*234 The alleged admission relates to two statements made by the District Attorney. In his answer the District Attorney states:
In fact, on August 19, 1985, when the Screening Unit of the Orleans Parish District Attorney's Office received the arrest register on Augusta Johnson, following his arrest on August 15, 1985, Assistant District Attorney, Ann Neeb contacted the fugitive unit of the New Orleans Police Department. When she learned that Ohio would not request extradition, she marked the screening action form `refused'.
The District Attorney's memorandum in opposition to plaintiff's motion for summary judgment states:
On the same day (August 19, 1985) on which Detective Armour of the NOPD Fugitive Unit filed his Affidavit with the Clerk of Criminal District Court charging Oral Johnson a-k-a Augusta Johnson as being a fugitive from justice, the Cleveland Police Department notified the NOPD Fugitive Unit that their County Prosecutor would not extradite. The Assistant District Attorney at that time, Ann Neeb, contacted the same NOPD Fugitive Unit and was advised that their [sic] would be no extradition request; and therefore the District Attorney's Office `refused' any prosecution of Johnson.
Neither quote specifies the date when the District Attorney's office received notice of the Cleveland teletype. The trial court did not err by permitting the District Attorney to present evidence regarding when the office received the notice. That contention by the City has no merit.
The District Attorney's office and the City urge that the other is at fault. The City claims that NOPD timely informed the District Attorney's office of the Cleveland teletype, while the District Attorney's office argues that it did not receive notification until September 12, 1985 at which time the warrant was dismissed.
Charles Farrell, screening supervisor for the District Attorney's office, said a warrant is normally dismissed within 2-3 days after notification that the foreign jurisdiction will not extradite. He testified that the District Attorney's file indicates that this case was not handled in the usual manner. Farrell did not know when the teletype was received but assumed that Asst. D.A. Smith in Section "I" received it because she made the dismissal. Smith did not testify.
Ann Neeb, Assistant D.A. in the Screening Division in 1985, stated that the file might not have been sent to the screening division. She said the file indicates that Asst. D.A. Belew in Section "I" was in court when the warrant was dismissed. Belew did not testify.
Officer Krinke of the Fugitive Unit said that the unit would record and date information from the teletype and send a copy to the District Attorney's office. NOPD records indicate that the Cleveland teletype was recorded on August 20, 1985, the day after it was sent. Krinke testified that Detective Armour had worked with him when the teletype was received and either of them could have processed the teletype. Detective Armour filed the warrant but did not testify.
The trial court stated that because Det. Armour handled the case and did not testify it must be presumed that his testimony would have been adverse to the City. The Court also noted the failure of Belew and Smith to testify and stated:
I am going to apply the famous doctrine of the deer hunter, which is, in effect, a res ipsa loquitur analogy, and the classic case began with this holding:
A Plaintiff was in the woods wearing a red jacket and he was shot. The evidence was that two hunters from two different directions fired their guns simultaneously. The Plaintiff was not in the position to know which hunter struck him. The Court said, where a wrong has occurred, through no fault of his own, [sic] is unable to prove the causation or the negligence between the two defending parties. The burden shifts to the Defendants to exculpate among themselves who is at fault.
*235 Both defendants failed to call witnesses who presumably might have exculpated them if such was possible. We cannot conclude the trial court was manifestly erroneous in finding both at fault in the failure to release Johnson. This contention lacks merit.
The District Attorney and City urge that Johnson's detention was the fault of Sheriff Foti because his office failed to bring Johnson before a judge within 72 hours as required by La.C.Cr.P. Art. 230.1.
Art. 230.1 provides in pertinent part:
A. The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two hour period referred to herein. The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment.
C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.
Johnson testified that he did not recall going before a magistrate regarding his fugitive warrant. However, the docketmaster which was introduced into evidence indicates that the affidavit was filed, a capias issued and bond set on August 19, 1985 in Magistrate Hansen's court. The record from Magistrate court was not introduced. Without that record we cannot conclude that Sheriff Foti failed to meet the requirements of Art. 230.1. This contention has no merit.
Alternatively, the District Attorney urges that holding Johnson was authorized by La.C.Cr.P. Art. 270 which provides in pertinent part:
A. The judge shall commit the accused for thirty days if it appears, after a hearing in open court, that there is reasonable ground to hold him awaiting extradition. The order of commitment shall recite the accusation. The accused shall be imprisoned in the parish jail until the term of his commitment expires or he is otherwise legally discharged, unless he gives bail as provided in Article 271.
The District Attorney essentially claims that, once committed, Johnson could be held for thirty days even if a reasonable basis to detain ceased to exist. After a person no longer stands accused there is no basis to detain under Art. 270 and he should be released. We find no merit in that contention.
The District Attorney's office counters that damages should not be awarded for the ten days Johnson spent in jail as a result of his guilty plea to the "Obstruction of a Sidewalk" charge.
Carl Warnock, Orleans Hotel Manager, testified that Johnson was employed at the time of his arrest but was fired because he was in jail.
Johnson testified that he could have paid the fine but didn't because he was being held on the fugitive warrant. The trial judge stated that Johnson was not released because he was being held for extradition.
We find no manifest error in the trial court's conclusion that Johnson's total jail time is compensable.
The District Attorney also contends his exception of prosecutorial immunity should have been granted. While we find minimal expression by our Supreme Court on absolute prosecutorial immunity, see e.g., Cerna v. Rhodes, 343 So.2d 1067 (La.1977) (J. Tate concurring in denial of the writ), this court has required an allegation of malice in order to state a cause of action against a district attorney. Dean v. Nunez, 534 So.2d 1282 (La.App. 4th Cir. 1988); Crier v. City of New Orleans, 365 So.2d 35 (La.App. 4th Cir.1978).
We note Foster v. B.B. Powdrill, 463 So.2d 891 (La.App. 2nd Cir.1985) where the trial court's dismissal of the plaintiff's suit for false arrest and imprisonment against the district attorney was affirmed because there was no allegation or proof of malice. The trial court in this case apparently relied on dicta in Foster when he concluded *236 there was no immunity if the district attorney was acting in an administrative capacity.
The court in Foster stated:
As the district attorney acts in a judicial or quasi-judicial capacity, he enjoys essentially the same immunity from liability for damages that protects a judge. However, since this immunity is conferred on the district attorney solely by the virtue of the office he holds, the rule becomes different if the district attorney acts in a matter clearly outside the authority or jurisdiction of his office. As the district attorney is acting in another capacity, then the reason for his immunity, the integral relationship between his acts and the judicial process, ceases to exist. (citation omitted). (our emphasis)
We have no basis to differentiate between the various functions of the District Attorney's office. The D.A.'s administrative functions are intricately related and interwoven with his prosecution efforts. There can be no prosecution without the attendant paperwork. Absent proof of malice, we find the District Attorney is not liable under these facts.
The judgment against the District Attorney is reversed. The judgment against the City of New Orleans is affirmed.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] The facts are taken from a stipulation just prior to trial.