LOBRANO, Judge.
This appeal arises out of a judgment in favor of plaintiff-appellee, Sidney J. Navarre and against defendant-appellants Harry F. Connick in his capacity as District Attorney for the Parish of Orleans (District Attorney’s office) and Edwin A. Lombard in his capacity as Clerk of the Criminal District Court for the Parish of Orleans (Clerk’s office) for damages in the amount of $6,000.00 for the wrongful detention of Navarre.[1] FACTS:
On May 8, 1985, Melinda Tucker, assistant district attorney for Orleans Parish, filed a “Motion and Order for Material Witness Bond” in a pending criminal case entitled “State v. Leonardo Hingle, No. 305-604”, assigned to be prosecuted in Criminal District Court, Parish of Orleans, Section “H”. The motion alleged that Navarre was a material witness that was needed in Case No. 305-604, requested that a capias issue for his arrest and that he be placed under a material witness bond in the amount of $100,000.00. The order was signed on May 8, 1985 by the Honorable Patrick Quinlan, Judge, Section “B” of the Criminal District Court for the Parish of Orleans.[2]
On or about June 5, 1985, employees of Criminal Sheriff Charles C. Foti’s office executed the aforementioned capias and incarcerated Navarre in Orleans Parish Prison under the $100,000.00 bond. Navarre was unable to post this bond.
Prior to Navarre’s arrest, Michael McGuinness, deputy clerk of the Criminal Clerk’s office prepared the necessary order to the Criminal Sheriff erroneously indicating that the matter was allotted to Section “B” instead of Section “H”. As a result, the Honorable James McKay, judge of Section “H” was never made aware that Navarre had been arrested and was being held in Parish Prison. Furthermore, the record in the Clerk’s office failed to reflect on the docket master that the capias had been returned and Navarre was in custody. As a result of this error, Navarre remained incarcerated 117 days. The prosecution of Leonardo Hingle, for whom Navarre had been arrested as a material witness, had been concluded, without Navarre’s testimony, on August 6, 1985 five months before Navarre was released from Parish Prison.
As a result of his incarceration, Navarre filed a petition for damages for false imprisonment.[3]
Prior to trial; Navarre voluntarily dismissed Foti and the Sheriff’s office pursuant to a settlement and compromise for the sum of $3,500.00. In conjunction with that settlement and compromise, Navarre executed a “receipt and release” releasing Foti and his agents and employees from further claims. Pursuant to the language of the “receipt and release”, Connick, on May 4, 1988, filed a Motion for Summary Judgment and/or Exception of Res Judicata, No *1115 Right of Action and/or No Cause of Action alleging that since liability, if any, arose out of the same operative facts as asserted by Navarre against Foti, the “receipt and release” executed by Navarre was granted as to all parties and no rights were reserved against any defendant for any alleged cause of action.
On June 27, 1988, following a hearing on the matter, the trial court denied Connick’s Motion and Exception.
On August 2, 1988, Connick applied for writs to this court. We denied writs stating (1) even if Foti and Connick are solidary obligors, the release of one does not release the other, La.C.C. Arts. 1802 and 1803 (2) there exists an issue of fact as to which parties the “receipt and release” was intended to cover and (3) an obligation, if solidary, must be determined at trial. Con-nick subsequently applied for writs to the Louisiana Supreme Court which were also denied.
Trial was held on January 25, 1989. The court found Connick and Lombard liable jointly, severally and in solido in their official capacities for the sum of $6,000.00. In his reasons for judgment, the court stated:
... “The Clerk had actual knowledge that Navarre was in custody because a deputy clerk signed for receipt of an arrest of capias notification with Navarre’s name thereon. The Court views this as negligence per se of the clerk’s office. The District Attorney’s office had knowledge that Navarre was being held. They requested his arrest and his name appeared on a list transmitted to them by the Criminal Sheriff’s Office ... Their failure to act upon the knowledge is negligence. Between them liability is properly apportioned at 10% to the District Attorney and 90% to the Clerk of Criminal District Court.
The Criminal Sheriff’s office bears no responsibility in this matter. Although they followed orders of a judgment which were certified as correct by a deputy clerk of Criminal District Court, they had no knowledge that the wrong division of Criminal District Court was shown on any document.”
Connick appeals the judgment of the trial court asserting the following assignments of error:[4]
1) The trial judge erred in denying defendant’s Exception of Res Judicata;
2) The trial judge erred in denying defendant’s Exception of No Right of Action;
3) The trial judge erred in denying defendant’s Exception of No Cause of Action;
4) In the absence of any proof or testimony, the trial judge erred in finding that the Criminal Sheriff bears no responsibility for plaintiff's incarceration because he had no knowledge of the incorrect division on the attendant paperwork;
5) The trial judge erred in ignoring the established jurisprudence stating that an allegation of malice is required to state a cause of action against a district attorney, regardless of whether the district attorney is acting in an administrative or prosecutorial capacity.
ASSIGNMENTS OF ERROR 1, 2, 3 AND 4:
Connick’s argument is founded on the assertion that he is a solidary obligor with Foti in their capacities as joint tort-feasors and that the language of the “receipt and release” executed by Navarre expressly released all defendants. For two reasons, we reject this argument.
First, Civil Code Articles 1802 and 1803 as amended by Acts 1984, No. 331 now make it clear that an obligee no longer need make an express reservation of his rights against remaining obligors when one obligor is released. To the contrary, the law now requires that there be an express renunciation of one’s rights against the remaining solidary obligors if they are to be released.
Second, the trial court specifically found no responsibility on Criminal Sheriff Foti’s *1116 part. Thus, even assuming the release is considered an “express renunciation” by Navarre of his rights against all solidary obligors, since Foti bears no responsibility, Connick cannot be a solidary obligor. We have reviewed the record and conclude the trial court was correct in this respect. There is no evidence to substantiate any responsibility on Foti’s part.
These assignments of error are without merit.
ASSIGNMENT OF ERROR 5:
Connick asserts that the trial court erred by failing to apply the jurisprudential rule that proof of malice is required before liability can be imposed on a district attorney. We agree.
A district attorney is immune from civil liability in a suit for false imprisonment based upon negligence, absent allegation and proof of malice, whether the district attorney is acting in an administrative or prosecutorial capacity. Johnson v. Foti, 537 So.2d 232 (La.App. 4th Cir.1988), writ den., 538 So.2d 591 (La.1989); Dean v. Nunez, 534 So.2d 1282 (La.App. 4th Cir.1988), writ den. 535 So.2d 748 (La.1989), writ granted and reversed, 541 So.2d 260 (La.App. 4th Cir.1989); Crier v. City of New Orleans, 365 So.2d 35 (La.App. 4th Cir.1978); Foster v. B.B. Powdrill, 463 So.2d 891 (La.App. 2nd Cir.1985).
In his reasons for judgment, the trial court stated:
... “The District Attorney’s Office had knowledge that Navarre was being held. They requested his arrest and his name appeared on a list transmitted to them by the Criminal Sheriff's office ... Their failure to act upon the knowledge is negligence.” [emphasis added]
We are satisfied that the evidence does not substantiate malice on Connick’s part. Furthermore, there are no allegations of malice by Navarre in his pleadings. Although Navarre argues that Connick should be responsible because his actions are tantamount to “gross negligence”, the law is clear that malice must be alleged and proved.
For the above reasons, the judgment of the trial court finding liability on the part of the district attorney is reversed.
REVERSED AND RENDERED.

. The court rendered judgment in favor of Harry F. Connick and Edwin A Lombard in their individual capacities only and dismissed Navarre’s suit against them in that regard.

. Judge Quinlan apparently filled in for Judge McKay the day the order was signed.

. Named as defendants in Navarre’s original petition were Charles C. Foti, Jr. individually and in his capacity as Criminal Sheriff for the Parish of Orleans, the Orleans Parish Criminal Sheriff’s Office, Southern American Insurance Company, Inc., the City of New Orleans, the State of Louisiana, Harry F. Connick individually and as District Attorney for the Parish of Orleans and the Orleans Parish District Attorney’s office. In a supplemental and amending petition, Navarre added as defendants, Edwin A. Lombard, individually and in his capacity as Clerk of the Criminal District Court for the Parish of Orleans. Prior to trial, the State of Louisiana and Charles C. Foti and the Criminal Sheriff’s Office were voluntarily dismissed. The City of New Orleans was dismissed following trial on the merits.

. Although Criminal Clerk of Court Lombard also appealed, his appeal has been dismissed by virtue of a settlement with the plaintiff.