640 So.2d 680 (1994)
Trent BANKS, Plaintiff-Appellant,
v.
BROOKSHIRE BROTHERS, INC., et al., Defendant-Appellee.
No. 93-1616.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
*681 Joseph Richard Kutch, Pineville, for Trent Banks.
David D. Palay Jr., Lake Charles, for Brookshire Bros. Inc., et al.
Before COOKS, DECUIR, JJ. and CULPEPPER, J., Pro Tem.[*]
DECUIR, Judge.
This appeal arises from a suit for malicious prosecution brought by Trent Banks against Brookshire Brothers, Inc., a grocery store, and its employee, Richard Wilson. The trial court granted summary judgment in favor of Brookshire Brothers and Wilson. Banks appeals. We affirm.

FACTS
On February 15, 1991, Banks entered Brookshire Brothers and while in the store was observed placing a package of gum in his pocket and exiting the store without paying for it. This action was observed by an employee at the request of the manager, Richard Wilson, who reported it to Officer John Gott. Gott was off duty and was shopping in the store.
Gott and Wilson caught up with Banks in the parking lot and escorted him back to the store. Shortly thereafter, Officer John Foster, who was on duty, arrived and after investigation, arrested Banks for suspected shoplifting. Criminal charges were filed and Banks was acquitted at trial. This civil suit followed.

PROPRIETY OF SUMMARY JUDGMENT
Banks contends that the trial court erred in granting defendant's motion for summary judgment.
*682 Appellate courts review the granting of a summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Under La. Code Civ.Proc. art. 966, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992).
Banks has instituted a suit for malicious prosecution. The elements required to recover damages for malicious prosecution are:
(1) Commencement or continuance of a criminal proceeding;
(2) Legal causation by defendant against plaintiff;
(3) Bona fide termination in favor of present plaintiff;
(4) Absence of probable cause;
(5) Presence of malice; and
(6) Damage resulting to plaintiff.
Miller v. East Baton Rouge Parish Sheriff's Dept., 511 So.2d 446 (La.1987).
In this case the critical question is whether the defendants legally caused Bank's prosecution. It is clear from the record that the defendants merely reported their observations to police officers. The officers detained Banks, conducted their own investigation, and arrested him. As noted by the trial court, any inadequacies in the investigation are not the responsibility of the defendants. See Hughes v. Gulf International, 593 So.2d 776 (La.App. 4th Cir.1992).
Likewise, on the probable cause issue, defendants submitted documentary evidence regarding their observations. Banks did not dispute any observation except the actual alleged theft. These observations combined with the packs of gum found on Banks were sufficient to warrant defendants' request for police inquiry. Defendants are not required to meet the higher standard of proof beyond a reasonable doubt required of the state in Bank's prosecution.
There is no issue of material fact in dispute in either of these areas. The failure to establish either one entitles defendants to judgment as a matter of law. Summary judgment is designed to dispose of frivolous demands and defenses. Schaefer v. Lynch, 406 So.2d 185 (La.1981). The trial court granted summary judgment in favor of the defendants. We find no error in that ruling.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed against appellant, Trent Banks.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.