IzWATKINS, Judge.
Plaintiff, Evelyn T. Hill, appeals the dismissal of her suit against defendant, Walter “Butch” Naquin, on an exception of no cause of action. Because we find that the plaintiff has failed to set forth a cause of action, we affirm the dismissal of her claims.
Ms. Hill, on behalf of Kimberly Ranee Hill, filed suit against several defendants for the wrongful death of Kimberly’s mother, Kim Marie Hill. The plaintiffs petition states in pertinent part:
I.
Defendants herein, WARREN JOSEPH, JR.; RICHARD STALDER, in his official capacity as SECRETARY, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; WALTER “BUTCH” NAQUIN, JR., in his official capacity as DISTRICT ATTORNEY, 17TH JUDICIAL DISTRICT; and EARL JONES d/b/a BEADY’S CELEBRITY LOUNGE, are all indebted to Kimberly Ranee Hill, in solido, for the reasons stipulated herein below:
II.
On or about Saturday, 11/14/92, at about 1:00 o’clock a.m., Kimberly Ranee Hill’s *488 mother, Kim Marie Hill, was shot and killed while minding her own business and patronizing the business known as Beady’s Celebrity Lounge located in Thibodaux, when she was attacked by the known-to-be-violent convicted criminal defendant, Warren Joseph, Jr., who had been stalking her, while he was on parole from the Department of Corrections.
III.
Petitioner avers that the proximate cause of Kim Marie Hill’s death was the intentional act of the defendant, Warren Joseph, Jr., and the negligence of the defendants, Richard Stalder, Walter “Butch” Naquin, Jr., and Earl Jones, consisting more particularly, but not exclusively, of their failure to protect Kim Marie Hill from the murderer who they knew had previously threatened her life.
The peremptory exception of no cause of action tests the legal sufficiency of the petition. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977).
13The petition must set forth material facts upon which the cause of action is based. LSA-C.C.P. art. 891. The correctness of conclusions of law is not conceded for the purposes of a ruling on an exception of no cause of action. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980).
When an exception of no cause of action is based on an affirmative defense, the exception must be overruled unless the allegations of the pleading exclude every reasonable hypothesis other than the premise upon which the defense is based. Owens v. Martin, 449 So.2d 448, 452 (La.1984).
Herein, the defendant brought the peremptory exception of no cause of action based upon the affirmative defense of absolute or qualified prosecutorial immunity.
As a general rule, a district attorney is immune from civil liability for acts committed in the performance of his prosecu-torial duties, absent allegations and proof of malice. Dickerson v. Kemp, 540 So.2d 467 (La.App. 1st Cir.1989). This immunity is derived from the doctrine of judicial immunity. When a district attorney acts in a judicial or quasi-judicial capacity, he enjoys essentially the same immunity from liability for damages that protects a judge. Foster v. Powdrill, 463 So.2d 891 (La.App. 2d Cir. 1985). “However, since this immunity is conferred on the district attorney solely by virtue of the office he holds, the rule becomes different if the district attorney acts in a matter clearly outside the authority or jurisdiction of his office. As the district attorney is acting in another capacity, then the reason for his immunity, the integral relationship between his acts and the judicial process, ceases to exist.” Id. at 893.
The plaintiff seeks recovery from the defendant for his alleged failure to prevent Mr. Joseph from murdering Kim Hill. This allegation is based on the fact that Mr. Joseph was a parolee and the defendant had knowledge of this fact, as well as |4the fact that Mr. Joseph was stalking Ms. Hill and had previously threatened her life.
Article 61 of the Louisiana Code of Criminal Procedure provides that “[sjubject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.” See also La. Const. Art 5 § 26B. The district attorney is also empowered to dismiss any prosecution at his discretion and is the only official vested in law to engage in plea bargains. LSA-C.Cr.P. arts. 691 and 558; State v. Howard, 448 So.2d 150 (La.App. 1st Cir.), mat denied, 449 So.2d 1355 (La.1984).
Accepting all the allegations of the plaintiffs petition as true, we are convinced that any actions taken by the district attorney with regard to the prosecution of Mr. Joseph would fall within the purview of the doctrine *489 of absolute prosecutorial immunity[2]. The defendant’s decisions with regard to the prosecution of Mr. Joseph, including any decision to plea bargain or not to prosecute, are clearly activities intimately associated with the judicial phase of the criminal process, and thus they fall within the category of functions to which the reasons for absolute immunity apply with full force. Compare, Moore v. Taylor, 541 So.2d 378 (La.App. 2d Cir.1989).
For these reasons the judgment of the trial court is affirmed. All costs of this appeal are to be paid by the plaintiff.
AFFIRMED.

. The plaintiff alternatively requests the opportunity to amend her petition in order to state a cause of action. However, as we understand the plaintiff’s position from her brief and oral arguments before this court, she does not contend that the district attorney acted with malice; therefore, we find it unnecessary to remand the case to allow plaintiff to amend her petition.