670 So.2d 382 (1996)
Michael E. WALLS, Plaintiff-Appellant,
v.
STATE of Louisiana, et al., Defendants-Appellees. (Two Cases.)
Michael Edwin WALLS, Plaintiff-Appellant,
v.
STATE of Louisiana, et al., Defendants-Appellees.
Nos. 95-1073, 95-1133.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*383 Robert E. Patrick, Lake Charles, for Michael Edwin Walls.
Michael Steven Beverung, Lake Charles, for State of Louisiana, Etc. et al.
Lester Allan Robertson, Lake Charles, for Rick Bryant, Dist. Atty. of Calcasieu Parish.
Before COOKS, PETERS, and GREMILLION, Judges.
PETERS, Judge.
In these consolidated cases, Michael E. Walls filed suit for damages for false and malicious prosecution against the State of Louisiana, through the Attorney General; Rick Bryant, in his capacity as district attorney for the Parish of Calcasieu; and Wayne McElveen, in his capacity as sheriff for the Parish of Calcasieu. Mr. Walls subsequently moved to dismiss his claim against the state. Mr. Bryant filed a peremptory exception of no cause of action based on the defense of absolute prosecutorial immunity and on the assertion that the allegations of ultimate fact did not disclose any actionable negligence by him. Sheriff McElveen filed a peremptory exception of prescription. The trial court rendered separate judgments granting Mr. Bryant's exception of no cause of action and Sheriff McElveen's exception of prescription. Mr. Walls appeals both judgments.

DISCUSSION OF RECORD
Mr. Walls alleged in his petition that in September of 1991, he was arrested and charged with possession of a controlled dangerous substance with intent to distribute and that in October of 1991, he was arrested and charged with possession of cocaine with intent to distribute. Both charges arose in Calcasieu Parish, and criminal proceedings were instituted there. According to the petition, in each case Mr. Walls turned himself in to avoid public embarrassment, posted bond, and retained the services of an attorney to assist in his defense.
In October of 1992, the first charge was dismissed by the district attorney. Mr. Walls asserted that in order to obtain this dismissal, he was required to make several court appearances. Mr. Walls asserted that this dismissal occurred as a result of the actions of his attorney in supplying the district attorney with information regarding his *384 alibi defense and with information that the description of the perpetrator supplied by the investigating officer did not match that of Mr. Walls.
He asserted that the second charge was resolved in basically the same manner except that he was not notified the charge had been dropped until August 4, 1993. According to the plaintiff, the sheriff's office and district attorney's office were relying on an inadequate description provided by a confidential informant and these defendants knew the description was inadequate. He claimed that on several occasions, his attorney spoke with the district attorney's office in order to rectify the situation and supplied that office with the names of fifteen witnesses to support his alibi. Still, the prosecution lingered for two years. According to Mr. Walls, his attorney again spoke with the district attorney's office in an effort to have the charge dropped. On August 4, 1993, Mr. Walls' attorney received a letter from the district attorney's office advising that the charge lodged against him had been dismissed.
The petition states:
10.
Plaintiff alleges that at all times in these proceedings, agents from the Calcasieu Parish Sheriff's Office (narcotic agents) were acting in concert with the District Attorney's office towards the institution of prosecution of plaintiff, MICHAEL WALLS. Notwithstanding the fact that plaintiff had presented substantial proof that the culprit in which this investigation was leading to [sic] was not plaintiff, MICHAEL WALLS, but someone other than the plaintiff. In spite of this substantial proof that plaintiff was not the culprit in this investigation, the District Attorney's Office and the Sheriff Department's office continued to victimize plaintiff by proceeding with false prosecution.
11.
Plaintiff contends that the actions on behalf of the District Attorney's office and the Sheriff Department's office was [sic] intentional and malicious in light of the fact that the District Attorney's office and the Sheriff Department's office had a confidential informant who provided an inadequate description of plaintiff; wherein the District Attorney's office and the Sheriff Department's office was [sic] aware that this information pertaining to plaintiff was incorrect. However, in spite of that fact, the prosecution continued unabated.

OPINION

Exception of No Cause of Action
An exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). The court must review the petition and accept well-pleaded allegations of fact as true. Id. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Id.
In the instant case, District Attorney Rick Bryant based his exception of no cause of action on the defense of absolute prosecutorial immunity and on the assertion that the allegations of ultimate fact did not disclose any actionable negligence by him.
A prosecutor is entitled to absolute immunity for acts undertaken in preparing for the initiation of judicial proceedings or for trial, which occur in the course of his role as an advocate for the state. Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Those acts include the professional evaluation of evidence assembled by the police and appropriate preparation for presentation of the evidence at trial or before a grand jury after a decision to seek an indictment has been made. Id. However, a prosecutor is not entitled to absolute immunity for administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of prosecution or for judicial proceedings. Id.
In the instant case, Mr. Walls has alleged that despite substantial proof that he was not the culprit, the district attorney's office and the sheriff's department "continued *385 to victimize plaintiff by proceeding with false prosecution." The district attorney has the entire charge and control of every criminal prosecution instituted or pending in his district, and he determines whom, when, and how he shall prosecute. La.Code Crim.P. art. 61. Clearly, the district attorney's evaluation of the evidence and his decision to proceed with the prosecution in this case were in preparation for judicial proceedings and within his role as advocate for the state. Thus, Mr. Bryant is entitled to absolute immunity.
We note that in this case, Mr. Walls has alleged that the actions of the district attorney's office were intentional and malicious. The first circuit in Hill v. Joseph, 94-1859 (La.App. 1 Cir. 5/5/95); 655 So.2d 486, writ denied, 95-1841 (La. 11/3/95); 661 So.2d 1381, stated that a district attorney generally is immune from civil liability for acts he commits in the performance of his prosecutorial duties, absent an allegation and proof of malice. In Johnson v. Foti, 537 So.2d 232 (La.App. 4 Cir.1988), writ denied, 538 So.2d 591 (La.1989), the court stated that an allegation of malice was required in order for a petition to state a cause of action against a prosecutor. However, other cases have considered the question of malice irrelevant in a case of absolute immunity. See Connor v. Reeves, 26,419 (La.App. 2 Cir. 1/25/95); 649 So.2d 803, writ denied, 95-0771 (La. 4/28/95); 653 So.2d 601 (finding absolute immunity for a prosecutor in the performance of his prosecutorial duties); Moore v. Taylor, 541 So.2d 378 (La.App. 2 Cir.1989) (finding absolute immunity for a justice of the peace for judicial acts within his jurisdiction). In Imbler v. Pachtman, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), the Supreme Court stated:
If a prosecutor had only a qualified immunity, the threat of § 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution. A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.
(Citations omitted).
We hold that the allegation of maliciousness is not sufficient to defeat the absolute prosecutorial immunity in this case. Thus, we find the trial court properly granted Mr. Bryant's exception of no cause of action.

Exception of Prescription
Mr. Walls' allegations against Sheriff McElveen assert a delictual action for malicious prosecution. Such an action prescribes in one year. La.Civ.Code art. 3492. The elements in a suit based on malicious prosecution are:
(1) Commencement or continuation of criminal proceedings;
(2) Legal causation by the defendant against the plaintiff;
(3) Bona fide termination in favor of the plaintiff;
(4) Absence of probable cause;
(5) Presence of malice; and
(6) Damages as a consequence.
Banks v. Brookshire Bros., Inc., 93-1616 (La. App. 3 Cir. 6/1/94); 640 So.2d 680. A cause of action for malicious prosecution does not arise until the termination of the prosecution. Engrum v. Boise S. Co., 512 So.2d 594 (La. App. 3 Cir.), writs denied, 513 So.2d 1215, 1216 (La.1987). A dismissal or abandonment of prosecution by the district attorney is considered a termination of the proceedings in favor of the petitioner for purposes of a claim for malicious prosecution. Id.
In the instant case, any claim arising from the charge of September of 1991 has prescribed. According to Mr. Walls, that charge was dismissed in October of 1992, and *386 his petition was not filed until July 11, 1994. Mr. Walls did not receive notice of the dismissal of the October of 1991 charge until August 4, 1993. Since this suit was filed within one year of the notice of the dismissal, the claim concerning the October 1991 charge has not prescribed, and the trial court erred in maintaining the exception of prescription.

DISPOSITION
For the foregoing reasons, we affirm the judgment granting Mr. Bryant's exception of no cause of action and Sheriff McElveen's exception of prescription as to the September of 1991 charge. However, we reverse the judgment granting Sheriff McElveen's exception of prescription as to the October of 1991 charge. We remand the suit against Sheriff McElveen to the district court for further proceedings. We assess costs of the appeal in the suit against Mr. Bryant, our Docket Number 95-1073, against Mr. Walls. We assess costs of the appeal in the suit against Sheriff McElveen, our Docket Number 95-1133, against Sheriff McElveen to the extent allowed by law.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.