576 So.2d 1117 (1991)
Charlotte P. IVY, Plaintiff-Appellee,
v.
Thomas B. FREELAND, Defendant-Appellant, and
Southwest Marketing, Inc., and State Farm Mutual Automobile Insurance Co., Defendants.
No. 89-937.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
*1119 Richard R. Kennedy, Lafayette, for plaintiff-appellee.
David Kaufman, Lafayette, for defendant-appellantState Farm Mut. Auto. Ins. Co.
Kenneth O. Privat, Crowley, and Charles J. Boudreaux, Sr., Lafayette, for defendant-appellant.
Before DOMENGEAUX, C.J., and GUIDRY and DOUCET, JJ.
DOMENGEAUX, Chief Judge.
Charlotte P. Ivy filed suit against Thomas B. Freeland, his employer, Southwest Marketing, Inc., and his insurer, State Farm Mutual Automobile Insurance Co., to recover damages for personal injuries received in an automobile accident. Summary judgment was granted in Ivy's favor on the issue of Freeland's liability. Freeland appeals and we affirm.
On December 12, 1985, Ivy was a guest passenger in an automobile driven by Deborah Vickery. Vickery was stopped at a stoplight when Freeland, operating a pickup truck owned by his employer, rear-ended her car. Ivy allegedly sustained injuries as a result of the accident.
The duty of a following motorist is set forth in La.R.S. 32:81(A), which provides:
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
Louisiana jurisprudence has established a presumption that when a following vehicle rear-ends a vehicle ahead of it, the following vehicle is presumed at fault and must prove a lack of fault to avoid liability. Guidry v. Peoples, 534 So.2d 998 (La.App. 3d Cir.1988). The following driver bears the burden of exculpating himself by establishing he had his vehicle under control, closely observed the lead vehicle, and followed at a safe distance under the circumstances.
Ivy filed a motion for summary judgment on the question of Freeland's liability. In support of the motion, affidavits by Ivy and Vickery were filed, along with admissions, excerpts from the deposition testimony of Freeland, and the State Farm insurance policy. In response, Freeland filed an affidavit and additional excerpts from his deposition, plus the affidavit and deposition of Byron Rue, an expert mechanic. Freeland alleged the accident was caused by the failure of his brakes.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). Summary judgment may be rendered on the issue of liability although the amount of damages may be disputed. La.C.C.P. art. 966(C).
La.C.C.P. art. 967 requires that affidavits submitted in connection with a motion for summary judgment shall be made on personal knowledge. Deposition testimony must likewise be based on personal knowledge. Weston v. Raymond Corp., 531 So.2d 528 (La.App. 5th Cir.1988), writ denied, 533 So.2d 360 (La.1988); McCoy v. Physicians and Surgeons Hospital, Inc., 452 So.2d 308 (La.App. 2d Cir. 1984), writ denied, 457 So.2d 1194 (La. 1984). Opinions or beliefs of an expert based on his or her special training and experience do not meet the requirement of personal knowledge. Stewart v. Dixilyn-Field Drilling, 552 So.2d 710 (La.App. 3d Cir.1989).
Accordingly, we will not consider the affidavit or deposition of Byron Rue submitted in opposition to Ivy's motion. Rue's testimony was offered to the court as the testimony of an expert brake mechanic. Rue never inspected Freeland's truck or its brake system before or after this accident. His testimony consisted solely of his knowledge concerning the operation of brakes on certain types of vehicles. Because Rue's affidavit and deposition *1120 were not based on his personal knowledge of the facts herein, they cannot be considered by this Court.
On appeal, Freeland contends the trial court erred in granting summary judgment in spite of his contention that the accident was caused by the failure of his brakes. As we stated in Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3d Cir.1985), however, the presence of disputed facts does not preclude summary judgment:
To determine whether there is a genuine issue of fact, a trial court must of necessity examine the merits. Despite the presence of disputed facts, summary judgment as a matter of law will be granted if the disputed issues of fact are so patently insubstantial as to present no genuine issues.
471 So.2d at 1071.
In the case before us, Freeland has presented no facts which substantiate his claim of brake failure. In King v. Louviere, 543 So.2d 1327 (La.1989), the Supreme Court articulated the heavy burden of proof for a presumably negligent defendant claiming a latent brake defect defense:
[I]n order for latent defects to constitute a valid defense, the proof must be so strong that it excludes any other reasonable hypothesis with reference to the cause of the accident except that it resulted solely from the alleged defects, and that it must establish that the driver was not aware of the defects and that the defects could not reasonably have been discovered and remedied by a proper inspection.
543 So.2d at 1331. Freeland's self-serving comments in his deposition are insufficient to meet this burden of proof. His statement that his wheels locked, even if true, does not exclude his negligence as a contributing cause of the accident. (See, for example, Littleton v. Arrow Food Distributor, Inc., 224 So.2d 131 (La.App. 3d Cir. 1969), writ refused, 254 La. 787, 226 So.2d 773 (1969), which held that a motorist's failure to use his emergency brake constituted negligence and a cause of the accident.)
Freeland did not mention that his brakes locked at the time of the accident and did not assert the defense in his answer to Ivy's petition. He offered no evidence of having repaired or inspected his brakes after the accident. He offered no evidence whatsoever to support the defense of mechanical failure, nor did he offer evidence to support fault on Ivy's part. Because Freeland did not present sufficient evidence to overcome the presumption of fault, summary judgment was properly granted. Mere formal allegations without substance will not preclude summary judgment. LeBlanc v. City of Lafayette, 543 So.2d 1040 (La.App. 3d Cir.1989), writ denied, 548 So.2d 337 (La.1989).
Assuming for the sake of argument that sufficient evidence of the latent defect was submitted, we will briefly address Freeland's remaining contention. He argues that because he is not the owner of the truck involved in the accident, and because there was no evidence to establish that he had the duty to maintain the truck, he cannot be held strictly liable for damages from a latent or design defect in the brake system.
Freeland contends there is no evidence to suggest that his employment duties require he maintain or inspect the truck in question. While it is true we have no affirmative evidence on this point, the record does indicate that Freeland is the 95% majority shareholder and sole employee of Southwest Marketing, Inc. Furthermore, Freeland testified that because the truck had just recently been returned to him by its lessee, he had not yet taken the truck in to be serviced. These facts prove that Freeland did have the duty and responsibility to maintain the truck; he was the "custodian" of the truck and was responsible for any damage it may cause. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); La.C.C. art. 2317. Freeland has the burden of proving, then, that "the harm was caused by the fault of the victim, by the fault of a third party, or by an irresistible force." Arceneaux, 365 So.2d at 1335; Halphen v. *1121 Johns-Manville Sales Corp., 484 So.2d 110 (La.1986). Not only did Freeland fail to rebut the presumption of his negligence in causing this accident, he also failed to exclude strict liability in the event that he had proved the truck was defective in the design of its brake system.
For the foregoing reasons, the trial court's summary judgment in favor of Charlotte P. Ivy and against Thomas B. Freeland on the issue of Freeland's liability is affirmed. All costs of this appeal are assessed to Thomas B. Freeland.
AFFIRMED.
GUIDRY, J., concurs and assigns written reasons.
GUIDRY, Judge, concurring.
I cannot agree that defendants have failed to demonstrate the presence of a disputed issue of fact, i.e., the possibility of a latent defect in the braking system of the vehicle driven by Freeland. However, I am able to concur because, under the particular circumstances of this case, the disputed issue is not material. As observed by the opinion author, it is undisputed that Freeland had garde of the allegedly defective vehicle and was strictly liable for any damage resulting from such defect. La.C.C. art. 2317; King v. Louviere, 543 So.2d 1327 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).