624 So.2d 1304 (1993)
Julie Ann Segura BROUSSARD, et al., Plaintiffs-Appellants,
v.
Autry LEGER and Louisiana Indemnity Company, Defendants-Appellees.
No. 92-1459.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
Aaron W. Guidry, New Orleans, Aubrey Edward Denton, Lafayette, for Julie Ann Segura Broussard et al.
Paul Jerome Guilliot, Joseph Francis Kyle, B. Todd Soileau, Lafayette, for Autry Leger et al.
Before STOKER, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
In this personal injury suit, plaintiffs-appellants appeal a trial court judgment denying them recovery against defendants-appellees for failing to make a prima facie case as to the identity of the tortfeasor driving the vehicle that rear-ended them. As defendants' answer to plaintiffs' petition admitted that defendant Autry Leger was driving the vehicle in question "[a]t all pertinent times," we reverse and remand for a full trial on the merits.

FACTS
This is an action for personal injuries filed by plaintiffs-appellants Julie Ann Segura Broussard, Allen Joseph Broussard and their minor children Michael Allen, Laci Lynn, Seth Anthony, and Justin James, arising from an automobile collision. The accident occurred in Iberia Parish on May 10, 1991, when the Broussards were allegedly hit from behind by defendant-appellee Autry Leger.
The trial judge rendered judgment in favor of defendants finding that plaintiffs failed to *1305 make their prima facie case that Leger was driving the vehicle which struck the Broussards' vehicle.

ASSIGNMENT OF ERROR NUMBER ONE
First, plaintiffs allege the trial judge erred in concluding that they failed to present a prima facie case that defendant was driving the vehicle which struck them. Noting Leger's answer admits that he was the driver of the vehicle in question "[a]t all pertinent times," plaintiffs maintain that this admission constitutes a judicial confession on the point. Hence, they claim the trial judge erred in requiring them to put on proof to establish an element of the case already admitted by defendants.
Apparently unaware of this admission, the trial judge determined that plaintiffs failed to establish that defendant Leger was driving the vehicle that rear-ended plaintiffs' vehicle. We quote extensively the trial judge's written Reasons for Judgment as they apply to this issue:

"REASONS FOR JUDGMENT
"Plaintiffs allege that defendant Autry Leger was the owner and driver of an automobile which collided into the rear of plaintiffs' vehicle on May 10, 1991, causing physical injuries to some of the plaintiffs, property damage and loss of use of the damaged vehicle, and loss of consortium.
"Introduced at trial were a certified copy of defendant's automobile liability insurance policy, a certified copy of plaintiffs' medical reports, and the deposition of their treating physician. The parties stipulated to the authenticity of the medical bills, the vehicle repair estimates, and the automobile liability insurance policy.
"Two witnesses testified at trial: plaintiffs Julie Broussard and her husband, Allen Broussard.
"The Court's notes reflect that Ms. Broussard testified that on March 10, 1991 she and three of her children were in her vehicle on Lewis Street. The vehicle was hit from the rear. She stated that the doors jammed and that she had to climb out of the car window. She went on to testify about the damages incurred as a result of the accident.
"Mr. Broussard testified that he was out of town on the day of the accident. He testified concerning the loss of consortium claim and the injuries suffered by his wife and children.
"The defendants did not admit liability.
"Plaintiff cites Webb v. Jordan, 540 So.2d 977 (La.App. 2nd Cir.1989) in support of the presumption which applies in cases of rear-end collisions. "When a following vehicle collides with a preceding vehicle, the following vehicle is presumed to be negligent and has the burden of exculpating himself." In the Webb case, testimony of several witnesses indicated that defendant Jordan was the driver of the offending vehicle. The defendant himself testified that he was the driver of the vehicle which collided with plaintiff's vehicle. Plaintiff also cites Cockerham v. United States Fidelity & Guaranty Co., 559 So.2d 527 (La.App. 2nd Cir.1990) for the same proposition. In the Cockerham case, again the drivers of both vehicles testified as to their actions. Clearly a prima facie case had been established that defendant was a participant in the accident, whether culpable or not.
"Ivy v. Freeland, 576 So.2d 1117 (La.App. 3rd Cir.1991) reiterates the proposition that presumption of negligence applies to a rear-ender. This case turned on the granting of summary judgment on the issue of liability. In support of the motion, plaintiff filed affidavits of guest passenger and driver of plaintiff auto and deposition of defendant Freeland. This Court concludes that there was adequate indication that Freeland was the driver of one of the autos involved in the collision and summary judgment was warranted.
"Plaintiff in the case sub judice has not made out a prima facie case sufficient to cause a presumption of negligence on the part of defendant Leger.
"There is no testimony by plaintiff that Leger was in fact driver of the offending auto, or that he was present at the scene of the accident. The only other witness at trial, plaintiff's husband, was not present at the scene. Neither did his testimony mention defendant Leger in the remotest sense.
*1306 "The three exhibits admitted by plaintiff, defendant's insurance policy, medical receipts of plaintiff, and doctors' depositions likewise do not make out a prima facie case against defendant.
"While plaintiff's cases do convince the Court that the driver of a rear-ending auto bears a presumption of negligence, plaintiff has not proven that defendant Leger was the driver of the offending auto. Mere allegations are insufficient to prove a fact, however uncontradicted. It is incumbent upon a plaintiff to prove the elemental fact of defendant's role in causing the harm. Plaintiff has not done this here.
"In Harrigan v. Freeman, 498 So.2d 58 (La.App. 1st Cir.1986), the Court was faced with a similar case. "The burden is on the plaintiff to initially establish a prima facie case, and the failure to establish such a case defeats his cause of action." "Prima facie evidence is evidence sufficient to establish a given fact, which if not rebutted or contradicted will remain sufficient."
"In that case, plaintiff did make out a prima facie case. Plaintiff testified as to the type, color, etc. of the auto which collided with her car. She testified that she spoke with defendant's insurance adjuster. Admitted into evidence was an appraisal of damages which listed defendant's insurance company and name of defendant's adjuster. No objection was made by defendant to the introduction of this documentary evidence. The Court considered the admission of that document without objection to be analogous to uncontradicted hearsay testimony and gave it probative weight.
"We do not have such a document to rely on in this case. We do not have testimony, even of the plaintiff, however self serving that might have been to create a shifting of burden of proof onto defendant Leger from which he must exculpate himself from liability.
"No prima facie case of tortious conduct imputable to defendant was made out in this case.
"Therefore, there shall be judgment in favor of defendants dismissing plaintiffs' claims at their cost. A judgment in keeping with these reasons will be signed upon presentation.
"THUS DONE AND SIGNED in Chambers at Franklin, St. Mary Parish, Louisiana, on this 16th day of July, 1992.
 /s/ Michael J. McNulty, Jr.
 MICHAEL J. MCNULTY, JR.,
 District Judge"
The trial court obviously overlooked defendants' admission that Autry Leger was driving the vehicle that rear-ended plaintiff. A judicial confession is a declaration made by a party in a pleading and is full proof against the party making it. LSA-C.C. art. 1853; Starns v. Emmons, 538 So.2d 275 (La.1989). The statement must be the express acknowledgment of an adverse fact and the effect of it is to waive evidence of it or to withdraw the matter from issue. Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979); LSA-C.C. art. 1853, Comment (d). According to LSA-C.C.P. art. 852, pleadings include petitions, exceptions, written motions, and answers. Plaintiffs allege that defendants admitted in their answer that Leger was the driver in question.
Paragraph three of plaintiffs' Petition for Damages alleges the following:

"3.
"At all pertinent times herein, AUTRY LEGER, was the owner and operator of a 1982 Chevrolet 6000 pick-up truck, bearing 1993 Louisiana license plate number T787868, vehicle identification number 10CCW80J2CR177247 (hereinafter referred to as the "LEGER" vehicle), which vehicle was proceeding south on North Lewis Street, in New Iberia, Iberia Parish, Louisiana."
In response, defendants answered as follows:

"3.
"The allegations in paragraph 3 are admitted based upon current information and belief."
Plaintiffs argue that defendants' admission constitutes a judicial confession that Leger was driving the vehicle at the time of the accident. Defendants disagree and argue that any admission by Leger was not tied *1307 sufficiently to the specific time of the accident to eliminate the need for plaintiff to specifically state at trial that she was rear-ended by a car driven by defendant.
We agree with plaintiffs. Every pleading shall be so construed as to do substantial justice. LSA-C.C.P. art. 865. Defendants' argument ignores the prefatory language contained in plaintiffs' Paragraph 3 which clearly states "At all pertinent times herein...." This language could only refer to the time of the accident giving rise to the petition, for there are no other pertinent times to this lawsuit. Defendants' admission is sufficiently specific to be free of any ambiguity, cf. Johnson v. Foti, 537 So.2d 232, 234 (La.App. 4th Cir.1988), writ denied, 538 So.2d 591 (La.1989), and any other interpretation of the petition would violate the black letter and spirit of both our Civil Code and Code of Civil Procedure. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written; no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. The articles of the Code of Civil Procedure are to be construed liberally and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. LSA-C.C.P. art. 5051. Accordingly, the trial judge erred in requiring plaintiffs to prove up a point already conceded by defendants, that Leger was driving his vehicle at the time it collided with plaintiffs' vehicle.

ASSIGNMENTS OF ERROR TWO AND THREE
In these assignments of error, plaintiffs allege the trial court erred in refusing to grant a new trial in light of defendants alleged judicial confession and where good grounds existed to allow them to introduce evidence as to Leger's identity as the tortfeasor.
According to LSA-C.C.P. art. 1972, the three grounds for which a new trial may be granted are as follows:
Art. 1972. Peremptory grounds
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
Furthermore, LSA-C.C.P. art. 1973 provides that a new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.
No trial transcript exists in this case, and the evidence before us is insufficient for us to draw ultimate conclusions on the merits as to liability or quantum under LSA-C.C.P. art. 2164. Therefore, notwithstanding our finding that Autry Leger was driving the vehicle in question when the accident occurred, we must remand for a new trial on the merits on grounds of LSA-C.C.P. articles 1972(1) and 1973.

PENALTIES, SANCTIONS AND ATTORNEY FEES
In their reply brief, defendants-appellants request additional attorney's fees as well as damages for a frivolous appeal. In light of our findings above as well as defendants' failure to appeal or answer plaintiffs' appeal (as contemplated by LSA-C.C.P. art. 2133), these requests are denied. See Sears, Roebuck & Company v. Appel, 598 So.2d 582, 584 (La.App. 4th Cir.1992) ("A brief submitted by the appellee does not satisfy the requirement of La.C.C.P. 2133.") (citation omitted).

DECREE
The judgment of the trial court is reversed as to questions of who was driving Autry Leger's vehicle at the time of the accident, and a new trial is ordered to determine whether defendant can overcome his presumption of fault should it be shown that his *1308 vehicle rear-ended plaintiffs'. Guidry v. Peoples, 534 So.2d 998 (La.App. 3d Cir.1988). All costs of this appeal are assessed against defendants-appellees Autry Leger and Louisiana Indemnity Company.
REVERSED AND REMANDED.