649 So.2d 999 (1994)
Francis William QUICK, Sr., et al., Plaintiffs-Appellants,
v.
MYERS WELDING AND FABRICATING, INC., Defendant-Appellee.
No. 94-282.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
Rehearing Denied March 1, 1995.
Writ Denied April 28, 1995.
*1000 Jennifer J. Bercier, J.B. Jones Jr., Cameron, Kenneth Badon, Lake Charles, for Francis William Quick Sr., et al.
Jere Jay Bice, Lake Charles, for Myers Welding & Fabricating, Inc.
Before GUIDRY, C.J., and DOUCET, LABORDE, DECUIR and PETERS, JJ.
PETERS, Judge.
The plaintiffs, Francis William Quick, Sr., Joann Quick, Francis William Quick, Jr., and *1001 Jules Donald Quick, filed suit to recover damages under the intentional tort exception to the workers' compensation statutes and for exemplary or punitive damages for injuries sustained by Francis William Quick, Sr., as a result of an on-the-job accident which occurred on October 14, 1991. Named as defendant was Myers Welding & Fabricating, Inc., the employer of Francis William Quick, Sr. The trial court rendered a summary judgment in favor of the employer and dismissed both the intentional tort claim and the claim for punitive damages. The plaintiffs have appealed these rulings.
On October 14, 1994, Francis William Quick, Sr. was employed by Myers Welding & Fabricating, Inc. as a welder. In the course and scope of his employment he was told to assist his supervisor, Tony Porche, and another welder, Robert Brown, in welding a closing plate on a two-foot-wide, four-foot-long, and four-foot-high oil collection tank. Quick descended into the tank to weld approximately twenty bolts into place. As Quick began welding the bolts into place, Brown noticed that smoke was accumulating inside the tank. In an effort to provide some ventilation, Brown piped in a flow of pure oxygen through a cutting torch he had inserted into the tank. As a result of the accumulation of oxygen, the flames from Quick's torch ignited his clothing. By the time, Brown and Porche were able to retrieve Quick from the tank, Quick had suffered severe burns.
The plaintiffs filed suit against Myers Welding & Fabricating, Inc. contending that the burns Quick received were a direct result of an intentional tort thereby making the employer liable for general and special damages as an exception to the normally exclusive remedy of workers' compensation. In addition, the plaintiffs sought to recover punitive damages under Louisiana Civil Code article 2315.3. The trial court granted the summary judgment as to both of these claims.
In reviewing a summary judgment, this court is required to follow the same criteria as that of the district court. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993). A motion for summary judgment is properly granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits establish there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. Id. The burden of proving there is no genuine issue of material fact rests with the mover. Consequently, those pleadings, documents, and affidavits submitted by the mover will be scrutinized closely and any inferences to be drawn therefrom will be construed in a light most favorable to the party opposing the motion. Id. See also Hopkins v. Sovereign Fire & Casualty Insurance Company, 626 So.2d 880 (La. App. 3d Cir.1993), writs denied, 634 So.2d 390, 402 (La.1994). Any doubt is resolved in favor of a trial on the merits. Durrett v. Scott Truck and Tractor, 614 So.2d 1379 (La.App. 3d Cir.), writ denied, 617 So.2d 915 (La.1993).
We first note that the exclusive nature of the workers' compensation remedy is not applicable to an intentional tort. La.R.S. 23:1032(B). In order for a plaintiff to recover under the theory of intentional tort, he must establish that the person responsible for his injuries either desired to bring about the physical consequences of his act or he was substantially certain that they would follow from his actions. Bazley v. Tortorich, 397 So.2d 475 (La.1981). As the supreme court stated in Bazley, the question of intent is pivotal in determining liability under either prong of the test.
Intent is not, however, limited to consequences which are desired. If the actor knows that
the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result.

Bazley, 397 So.2d at 482, citing Restatement (Second) of Torts, § 8A, Comment; W. Prosser, Law of Torts § 8 (4th ed. 1971).
For the purposes of a summary judgment, a fact is considered material if its existence or nonexistence is essential to *1002 plaintiff's theory of recovery. Potter, supra. In this case, the plaintiffs must establish the element of intent as defined in Bazley if they are to recover damages in intentional tort. Denial of this opportunity relegates recovery to workers' compensation benefits. This court has previously concluded that a summary judgment is improper when a determination of intent is required in considering whether a question of fact exists in a case. Durrett, supra. In doing so, this court stated:
Since Bazley v. Tortorich, supra, and the intentional act exception contained in LSA-R.S. 22:1032 require a consideration of intent, the trial court was in error in granting summary judgment. "[Summary judgment] is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge, or good faith." Penalber v. Blount, 550 So.2d 577 at 583 (La.1989). Moreover, there are too many disputed facts and issues in this case for resolution through the summary judgment procedure. Trial is necessary so that the trier of fact may evaluate the conflicting testimony and determine whether an inference can be drawn that the conduct of the defendants demonstrated a belief that the physical results of their acts were substantially certain to follow and result in plaintiff's injuries.

Durrett, 614 So.2d at 1381.
In this case, there exists a question of fact as to Brown's state of mind which cannot be resolved by summary judgment. In support of its motion for summary judgment, the defendant filed an affidavit executed by Brown stating he had no knowledge or belief his actions were substantially certain to cause the plaintiff's injuries. In opposition to the motion, the plaintiffs filed an affidavit of Carlos R. Daniels, a welding expert who stated that any welder would know not to introduce oxygen in a tank where welding was in progress as such action would result in a fire. In other words, a welder who introduces oxygen into a tank where welding is in progress should know that a fire is substantially certain to occur.
The defendant, relying on Ivy v. Freeland, 576 So.2d 1117 (La.App. 3d Cir.1991), argues that we should not consider the affidavit of Daniels. In that case, the plaintiff was a guest passenger in a vehicle which was struck from the rear by a vehicle being driven by Freeland. The defendant appealed a summary judgment on the issue of liability contending the accident was caused by a failure of his brakes. In opposition to the motion for summary judgment, the defendant filed an affidavit of an expert brake mechanic who had not examined the brakes before or after the accident, and whose testimony consisted solely of his knowledge of the operation of brakes on certain types of vehicles. Citing Stewart v. Dixilyn-Field Drilling, 552 So.2d 710 (La.App. 3d Cir.1989) this court concluded: "Opinions or beliefs of an expert based on his or her special training and experience do not meet the requirement of personal knowledge." Ivy, 576 So.2d at 1119.
Stewart involved a situation in which a drilling rig worker was injured when a plug blew out of a pipe releasing sea water and drilling mud which struck the worker. A summary judgment was rendered as to one of the defendants, Halliburton Company, on the basis that no duty was owed by Halliburton to the plaintiff. In opposition to the motion for summary judgment, the affidavit of a registered professional petroleum engineer whose opinion was based totally on deposition testimony was submitted. In a footnote, this court concluded that "[s]ince Nice's affidavit was not based on his personal knowledge of the facts, it cannot be considered by us." Stewart, 552 So.2d at 712, Footnote 1.
We do not conclude that Ivy and Stewart hold that under no conditions should a court consider an expert's opinion in determining a motion for summary judgment. Louisiana Code of Civil Procedure article 967 merely requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." It does not preclude the use of an expert affidavit if such affidavit meets the criteria of the article. Both Ivy and Stewart are distinguishable from the case before the court. Each involved the expression of an opinion *1003 based on special training and experience applied to facts derived from sources other than personal knowledge. In our case, the very issue is the degree to which a welder should be aware of the consequences of an act associated with the welding process. We conclude that such information can be derived from an expert based on his "personal knowledge" as required by Louisiana Code of Civil Procedure article 967.
Based on the conflicting evidence, this case clearly presents a genuine issue of material fact which should be resolved by the trier of fact only after the advantage of a full trial. As such, as to this portion of the plaintiffs' claim, we reverse the trial court's decision to grant the motion for summary judgment.
We also reverse the trial court's decision to grant a summary judgment on the issue of exemplary or punitive damages. In considering the trial court's dismissal of the plaintiffs' claim under Louisiana Civil Code article 2315.3, we first note that the Louisiana Supreme Court has recently concluded that a worker is not barred by the exclusion rule of Louisiana Revised Statutes 23:1032 or by the operation of the article itself from obtaining an award of exemplary or punitive damages from his employer who causes injury by a violation of Louisiana Civil Code article 2315.3. Billiot v. B.P. Oil Company, 645 So.2d 604 (La.1994).
Louisiana Civil Code article 2315.3 provides:
In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances. As used in this Article, the term hazardous or toxic substances shall not include electricity.
In this case, the plaintiffs contend that Brown's conduct in the "handling" of the oxygen which caused the explosion giving rise to Quick's injuries was in "wanton or reckless disregard for public safety."
In its assessment of damages under Louisiana Civil Code article 2315.3, this court has interpreted "wanton and reckless disregard" to mean a "conscious indifference to consequences amounting almost to a willingness that harm to the public safety would follow." Fuselier v. Amoco Production Co., 607 So.2d 1044, 1050 (La.App. 3d Cir.1992), citing Griffin v. Tenneco Oil Co., 531 So.2d 498 (La. App. 4th Cir.1988), writ denied, 534 So.2d 430 (La.1988). Determining whether Brown's actions meet the wanton and reckless disregard standard is a question of fact whose presence or absence is essential to the plaintiffs' ability to recover under this article. Potter, supra.
The only substance specifically excluded from application of Louisiana Civil Code article 2315.3 is electricity. Therefore, whether oxygen as used in this case is a "hazardous or toxic substance" is also a question for the trier of fact. It is an issue which deserves the benefit of evidence and expert testimony and should not be the subject of summary relief.
Therefore, we conclude there are genuine issues of material fact which must be presented to the trier of fact. For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for further proceedings. All costs of this appeal are taxed against the defendant, Myers Welding and Fabricating, Inc.
REVERSED AND REMANDED.
DECUIR, J., dissents.