NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1383

AGNES D. BREAUX

VERSUS

TRISHA A. WILLIS, ET AL.

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20052861
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Glenn B. Gremillion, Judges.

AFFIRMED.

John L. Olivier
Olivier & Brinkhaus
P. O. Drawer E
Sunset, LA 70584
Telephone: (337) 662-5242
COUNSEL FOR:
    Plaintiff/Appellant - Agnes D. Breaux

David R. Rabalais
P. O. Drawer 54024
Lafayette, LA 70505-4024
Telephone: (337) 289-6555
COUNSEL FOR:
    Defendants/Appellees - American Century Casualty Company, Trisha A. Willis, and Shannon R. Landry

**Shonda Denee LeGrande**
**Galloway, Johnson, Tompkins**
**4021 Ambassador Caffery - Building A #175**
**Lafayette, LA 70503**
**Telephone: (337) 735-1760**
**COUNSEL FOR:**
  **Defendants/Appellees - American Century Casualty Company, Trisha A. Willis, and Shannon R. Landry**

**THIBODEAUX, Chief Judge.**

Plaintiff-appellant, Agnes Breaux, appeals the trial court's judgment in favor of the defendants-appellees, Trisha Willis, Shannon Landry, and American Century Casualty Company (American Century) which dismissed Ms. Breaux's personal injury claim against the defendants. Ms. Breaux was seeking damages for injuries she sustained in a three-car, chain collision during which she was rear-ended by Ms. Willis. Ms. Willis' vehicle was rear-ended by Kenneth Dennis.[1] During the liability portion of this bifurcated trial, the trial court weighed the conflicting testimony of the witnesses and determined that Ms. Willis was not responsible for Ms. Breaux's damages. For the following reasons, the judgment of the trial court is affirmed.

## I.

## ISSUE

Did the trial court erroneously find that the negligence of the last driver in the chain collision was the sole proximate cause of the accident?

## II.

## FACTUAL BACKGROUND

The accident at issue occurred on the afternoon of August 30, 2004, while Ms. Breaux was driving her 1997 Toyota Corolla on West Congress Street in Lafayette, Louisiana. According to trial testimony provided by Ms. Breaux, she came to a stop at a red light on West Congress and once the light turned green, proceeded through the light, accelerating to a rate of speed of about twenty-five miles per hour. She drove approximately thirty feet before coming to another complete stop because

---

[1]Mr. Dennis and his insurer, USAgencies Casualty Insurance Company, reached a pre-trial settlement with Ms. Breaux and were dismissed from the litigation.

the traffic ahead of her had stopped moving. Ms. Breaux testified that she stopped, looked through her rearview mirror, and saw Ms. Willis' car "coming fast" towards her. Expecting an impact, she held her steering wheel tightly to brace herself and watched through the rearview mirror as her vehicle was struck from the rear by Ms. Willis' vehicle.

Ms. Willis was driving a 1979 Cadillac Fleetwood.[2] Ms. Willis and her one-year-old child were the only occupants of her car. She testified that prior to the accident, she had been at a stop at a red light on Congress directly behind Ms. Breaux's vehicle. Once the light turned green, she stated that Ms. Breaux proceeded through the light, as did she. Ms. Willis testified that Ms. Breaux soon came to another complete stop. In the short distance traveled before this second stop, Ms. Willis testified that she had only reached a speed of fifteen to twenty miles per hour and was able to stop as well, behind Ms. Breaux's vehicle. She stated that although she usually maintains about a car length between her car and others when driving, she sometimes stops at a closer distance to other cars. In this case, she stated that she did the same but was only able to estimate that she stopped less than a car length away from Ms. Breaux's vehicle. Ms. Willis contends that she was then rear-ended by Kenneth Dennis and that the force of that collision propelled her vehicle into Ms. Breaux's bumper.

Ms. Breaux and Ms. Willis both testified that after their cars collided, Ms. Willis got out of her car and approached Ms. Breaux, who was still in her vehicle. They both testified that Ms. Willis, first, inquired about Ms. Breaux's health and then stated to Ms. Breaux that she had been rear-ended by the car behind her. Ms. Willis told Ms. Breaux that when her car was rear-ended, that impact pushed her

_____

[2]The vehicle was owned by Shannon Landry, Ms. Willis' live-in boyfriend.

vehicle into Ms. Breaux's vehicle. Ms. Breaux did not witness the collision between Mr. Dennis and Ms. Willis and testified that she did not know whether Ms. Willis' car was propelled into hers by Mr. Dennis' car. She also did not know whether she felt more than one impact to her car but stated, "the only thing I know is that I had a lot of movement, and it lasted a little while."

Mr. Dennis, who was driving a 1996 Oldsmobile Aurora at the time, admitted at the scene and at trial to having rear-ended Ms. Willis due to his inattention to the traffic. He stated that his collision with Ms. Willis' vehicle occurred because he took his eyes off of the traffic ahead of him when he bent down to pick up a water jug that had fallen off the seat of his car. When he looked up, he saw that Ms. Willis had stopped her car; however, he was unable to stop before striking her vehicle.

Mr. Dennis testified at trial that he believed Ms. Willis rear-ended Ms. Breaux before his accident occurred. However, Mr. Dennis did not include this statement in his written statement at the accident scene nor did he tell this to the investigating officer when they spoke at the accident scene. At trial, he testified that he believed Ms. Breaux and Ms. Willis' accident occurred first because he heard the crash of their cars colliding before his car hit the back of Ms. Willis' vehicle, although he admitted that he did not see what caused the noise or see an actual accident between the two. Nevertheless, he was convinced that Ms. Willis struck Ms. Breaux's vehicle prior to his accident with her because he claimed to have had only a minor collision with Ms. Willis. He testified that the collision was so minor that it did not cause damage to his vehicle nor Ms. Willis'. Moreover, he contended that the impact was too minor to have pushed the large Cadillac into Ms. Breaux's vehicle.

3

The Lafayette Police Department traffic officer investigating the accident was Corporal Brad Ridge, a seventeen-year patrol division veteran. He arrived at the scene of the accident approximately seven minutes after 911 was called. The three vehicles had not been moved from their location when he arrived. Corporal Ridge viewed the scene, then had the drivers move their vehicles to a neighboring parking lot so that the traffic congestion could be cleared. He then spoke with each vehicle's driver separately at the scene. Ms. Willis and Mr. Dennis provided Corporal Ridge with their handwritten statements at the accident site. Corporal Ridge testified that Mr. Dennis did not mention to him at the scene that he heard another impact prior to his accident with Ms. Willis, nor did Mr. Dennis include that information in his written statement. Corporal Ridge obtained a handwritten statement made by Ms. Breaux later that day at the hospital to which she had been transported.

Corporal Ridge further testified that he did not see any skid marks at the scene in relation to any of the involved vehicles. He testified that after viewing the scene and talking to the witnesses, he concluded that the accident was a "very-simple, cut-and-dry" situation in which, "[t]hree cars are stopping. One guy is not watching what he's doing. He picks up his head. The car in front of him stops. He hits the car in front of him. That car hits the one ahead of it." Corporal Ridge testified that Mr. Dennis was the only person involved in the three-car accident to whom he issued a citation for the careless operation of a vehicle (following too closely). He testified that, after his investigation was concluded, he had no basis on which to conclude that Ms. Willis had not been operating her vehicle in a reasonable manner immediately prior to the accident's occurrence.

4

III.

## LAW AND ANALYSIS

*Was Mr. Dennis the sole and proximate cause of*
*Ms. Breaux's injuries and resulting damages?*

The manifest error standard applies to this review of the factual findings of the trial court. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). That is, during this review the appeal court is regulated by the following guideline: "When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error." *Arceneaux v. Domingue*, 365 So.2d 1330, 1333 (La.1978) (quoting *Canter v. Koehring*, 283 So.2d 716, 724 (La.1973)). The supreme court in *Rosell* stated that when there is conflicting testimony presented at trial, great deference is to be afforded to the trial court's determinations of credibility of witnesses. This is because it is the initial fact finder, i.e., the trial court or jury, we are reminded, that can only be aware of "the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell*, 549 So.2d at 844 (citations omitted). Consequently, when credibility determinations are at issue, the fact finder's decision to give more weight to the testimony or two or more witnesses, alone, can virtually never be found manifestly erroneous. *Rosell*, 549 So.2d 840. Rather, if manifest error is to be found in findings resting on credibility determinations, there must exist objective evidence or documentation to contradict witness testimony, or the story must be facially implausible or so inconsistent that a reasonable person could not credit the story. *Id.*

In this case, Ms. Breaux argues that the trial court erred in determining that Ms. Willis was not at fault in the rear-end chain collision. She contends that the

testimony of Ms. Breaux established that Ms. Willis did not slow down before rear-ending her car. She also asserts that the testimony of Mr. Dennis established that Ms. Willis hit her car before being struck by Mr. Dennis' car. Ms. Breaux argues that in light of the record as a whole, the trial court's findings are not reasonably supported by the record. Ms. Breaux also contends that the trial court committed legal error because it failed to apply the presumption of negligence to Ms. Willis that is to be applied to a following motorist who collides with the rear of another vehicle. By overlooking this principle, Ms. Breaux argues that the trial court did not require Ms. Willis to exculpate herself from the presumption of negligence. We disagree and find no error in the trial court's findings or subsequent judgment.

Although Louisiana jurisprudence does provide a presumption of negligence to a following vehicle that rear-ends another, the presumption is rebuttable. *Ivy v. Freeland*, 576 So.2d 1117 (La.App. 3 Cir. 1991), *abrogated on other grounds*, 755 So.2d 226 (La.2000). The presumption is derived from the statutory law that states that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La.R.S. 32:81(A). The driver of the following vehicle can overcome this presumption of fault by proving that she had her "car under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances, or by proving that the driver of the lead car negligently created a hazard which the following motorist could not reasonably avoid." *Menard v. Federated Mut. Ins. Co.*, 05-85, pp. 3-4 (La.App. 3 Cir. 6/22/05), 906 So.2d 746, 749 (citing *McCullin v. U. S. Agencies Cas. Ins. Co.*, 34,661 (La.App. 2 Cir. 5/9/01), 786 So.2d 269).

6

The record reveals ample evidence to support the trial court's conclusion that Ms. Willis was not at fault and that Mr. Dennis was the sole proximate cause of the rear-end collision, and hence, solely responsible for Ms. Breaux's damages. It is unchallenged that Mr. Dennis—the driver of the last vehicle in the chain collision—rear-ended the second car in the chain (Ms. Willis) when he failed to keep a proper lookout or, apparently, a safe distance that would enable him to stop his car safely as needed. Consequently, this concession by Mr. Dennis left it only necessary that the trial court determine whether Ms. Willis' car struck Ms. Breaux's car with its own motive force before the accident with Mr. Dennis; whether it was propelled by the impact from the collision with Mr. Dennis' car into Ms. Breaux's; or whether both scenarios occurred.

Mr. Dennis' sole testimony is the only evidence that was offered to contradict Ms. Willis' and Corporal Ridge's testimony that Mr. Dennis' car set the chain collision in motion and caused the collision of the two cars ahead of him. He testified, without corroboration, that before he rear-ended Ms. Willis' vehicle, he heard a loud bang that he ultimately attributed to a collision between the other two drivers. Ms. Willis emphatically denied that this happened and the plaintiff, Ms. Breaux, is unsure.

The trial court considered the conflicting testimony of Mr. Dennis and Ms. Willis and decided to give more weight to the testimony of the trained and experienced patrol officer to assist him in making his findings. Corporal Ridge viewed the scene and the position of the cars after the accident and obtained witness statements. He concluded that the cause for the plaintiff's accident was Mr. Dennis' inattention and subsequent collision with Ms. Willis. He testified that he had no reason to believe that Ms. Willis had operated her car negligently and was also at fault in causing the accident with Ms. Breaux. In this regard, he testified as follows:

Q. Now, you ticketed only Mr. Dennis, right?

A. Yes, sir, Kenneth Dennis. Yes, sir, he was the only one that I –

Q. Why didn't you ticket, since Mrs. Willis ran into –

A. I had no reason to believe Ms. Willis committed any traffic violations at all, so I did not issue her any citation.

Q. For following too close to the car ahead of her?

A. I believe her car stopped properly and reasonably. She got rear-ended, and that pushed her car forward hitting the other car. I had no reason to believe that she operated her vehicle in a careless or otherwise illegal manner.

Q. You presumed she wasn't following too closely?

A. Correct. I didn't presume that, sir. I was told that by everyone there. Nobody told me that she was following too close and she ran into the back of [Ms. Breaux].

In light of the evidence presented at trial, we cannot disturb these reasonable evaluations of credibility and inferences of fact simply because another result might be reasonable.

IV.

**CONCLUSION**

The judgment of the trial court, dismissing the claims against defendants-appellees, Trisha A. Willis, Shannon R. Landry, and American Century Casualty Company, is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Agnes Breaux.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.