COREY SCOTT                           *       NO. 2020-CA-0136

VERSUS                                *
                                              COURT OF APPEAL
ENTERGY LOUISIANA, LLC,               *
ENTERGY CORPORATION,                          FOURTH CIRCUIT
ENTERGY NEW ORLEANS,                  *
INC., CURTIS JOHNSON,                         STATE OF LOUISIANA
COCO-COLA                       * * * * * * *
REFRESHMENTS USA, INC.,
GREENWICH INSURANCE
COMPANY, STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-04447, DIVISION "M-13"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard,
Judge Roland L. Belsome)

***BELSOME, J., CONCURS WITH REASONS***

Matthew C. Nodier
NODIER LAW, LLC
8221 Goodwood Blvd., Suite A
Baton Rouge, LA 70806
-AND-
Robert I. Siegel
Andre Boudreaux
GIERER, LABORDE & DFAPEROUSE, LLC
701 Poydras St., Suite 4800
New Orleans, LA 70139

             COUNSEL FOR PLAINTIFFS/APPELLEES, COX
             COMMUNICATIONS LOUISIANA, LLC AND BSC
             INSURANCE LIMITED

Darryl M. Phillips
W. Scott Brown
Sean D. Moore
ENTERGY LOUISIANA, LLC
639 Loyola Ave., 26th Floor
New Orleans, LA 70113

COUNSEL FOR DEFENDANTS/APPELLANTS

**AFFIRMED**

**NOVEMBER 4, 2020**

The Appellants, Entergy Louisiana, LLC, Entergy Corporation, Entergy New Orleans, Inc. (collectively referred to as "Entergy") seek review of the October 24, 2019 judgment of the district court, granting the respective motions for directed verdict of the Appellees, Cox Communications Louisiana, LLC ("Cox") and its insurer, BSC Insurance Company. In consideration of the facts and applicable law and finding no abuse of the district court's discretion, we affirm the judgment of the district court.

## Facts and Procedural History

The instant appeal stems from a personal injury suit filed by plaintiff Corey Scott, who alleges he was injured in a car accident in Orleans Parish on June 14, 2013. While his car was stopped on Gen. DeGaulle Ave., a Coca-Cola delivery truck, driven by Curtis Johnson, hooked a low-hanging line on an Entergy pole, as it was exiting a driveway onto Gen. DeGaulle. The pole broke and portions of it fell onto Mr. Scott's vehicle.

Mr. Scott sued Entergy, Mr. Johnson, Coca-Cola Refreshments USA, Inc. ("Coca-Cola"), its insurer, Greenwich Insurance Company ("Greenwich") and its

1

uninsured motorist insurer, State Farm Mutual Automobile Insurance Company ("State Farm").

Upon answering this suit, Entergy filed a cross-claim against Coca-Cola and Mr. Johnson, claiming that it was owed damages for the repairs and reconstruction of the poles, lines and other attachments they aver Mr. Johnson damaged.

Mr. Scott later filed supplemental and amending petitions adding BellSouth Telecommunications, LLC ("BellSouth") and Cox as defendants. Entergy also filed cross-claims against BellSouth and Cox, respectively, seeking reimbursement for its alleged damages.

Thereafter, Entergy filed a second cross-claim against Cox. It also filed a third party demand against two of Cox's insurers, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and BSC Insurance Limited ("BSC"), alleging it was owed insurance coverage from these insurers resulting from an alleged defense and indemnity obligation pursuant to a July 6, 1982 Pole Agreement it entered into with Cox.[1]

Prior to trial, some defendants were dismissed from this action, while others settled with Mr. Scott:

- BellSouth was dismissed from this action on its motion for summary judgment;

- Coca-Cola, Mr. Johnson and Greenwich settled with Mr. Scott, but not with Entergy;

- Mr. Scott voluntarily dismissed State Farm; and,

- Entergy voluntarily dismissed its claim against National Union.

---

[1] Cox disputes having an obligation to defend and indemnify Entergy under the Pole Agreement.

2

Mr. Scott, Entergy and Cox entered into a stipulation of damages agreement ("Stipulation Agreement"), wherein they consented to Entergy trying its cross-claims against Coca-Cola, Mr. Johnson, Cox and BSC; the trier of fact determining liability; and, Entergy and Cox paying stipulated damages to Mr. Scott pursuant to the proportion of liability each was assessed at trial.

A two-day jury trial was held in late September 2019. The following matters were pending at that time: Entergy's respective cross-claims against Cox; Entergy's cross-claims against Coca-Cola; and Mr. Johnson and Entergy's third party demand against BSC.

During the trial, Mr. Johnson testified as well as three Entergy employees: Christopher Warren, an engineering supervisor; Doug Foret, a lead lineman; and Lashawn Humphrey, a senior customer service specialist. On the second day of trial, all of the defendants, including the Appellees, moved for a directed verdict against Entergy, respectively. The district court granted the motions, dismissing Entergy's claims with prejudice. The judgment was signed on October 24, 2019.[2] This timely suspensive appeal followed.

Entergy's sole assignment of error is that the district court erred in granting the Appellees' directed verdicts because Cox judicially confessed that the line at issue was its own. Thus, it maintains, the Appellees were precluded from asserting that Entergy did not establish at trial that it was a Cox line at issue.

---

[2] The Notice of Judgment reflects that the attorney representing Entergy, Walter Brown, was not listed. Thus, Entergy avers it was unable to move for a new trial due to lack of timely notice of the judgment.

**Standard of Review**

A motion for a directed verdict "should be granted when, considering all of the evidence in the light most favorable to the non-mover, it is clear that the facts and inferences point overwhelmingly in favor of the mover that reasonable jurors could not reach a contrary verdict." *Dep't of Transportation & Dev. v. Motiva Enterprises, LLC*, 19-32, p. 5 (La. App. 5 Cir. 10/2/19), 279 So. 3d 1076, 1081 (citing La. Code Civ. Proc. art. 1810; *Baudy v. Travelers Indem. Co. of Connecticut*, 13-882 (La. App. 5 Cir. 4/9/14), 140 So.3d 125, 131).

In determining whether such a motion should be granted, trial courts are vested with much discretion. *Id*., 19-32, p. 6, 279 So. 3d at 1081. The Fifth Circuit further explained:

> The appellate court must determine if the record supports the granting of a directed verdict based on a sufficiency of evidence determination (a question of law), and not a credibility determination (a factual issue). *Id.* Furthermore, the reviewing court must consider the propriety of a directed verdict in light of the substantive law applicable to the claims. *Baudy*, *supra*.

*Id.*

We apply this standard as discussed below.

**Discussion**

In addressing Entergy's appeal, we begin by noting that the assignment of error raised was not argued before the district court. The transcript of the directed verdict hearing reflects that counsel for Entergy never argued that Cox admitted or made a judicial confession that the line at issue was its line. The Appellees asserted that Entergy did not prove that the line at issue was owned by Cox and

4

further failed to establish that Cox knew or should have known that the line at issue had fallen.

Counsel for Entergy presented two arguments in response to the Appellees' respective motions for directed verdict:[3]

- the pictures in evidence reflect that it was a telecommunications line at issue, not an Entergy line, because there were no burn marks at the scene. Moreover, Bell South was dismissed on a motion for summary judgment, so it is excluded from consideration; and

- lack of notice is not an issue for Cox because a company is deemed to have constructive notice of a defect if the defect would have "reasonably been seen by an inspection, but the company did not perform that inspection."

The district court did not have an opportunity to consider the argument Entergy now raises about the alleged judicial confession of Cox. Louisiana appellate courts generally refuse to consider arguments presented for the first time on appeal. *LHSAA v. State of Louisiana*, 12-1471, p. 15 n. 13 (La. 1/29/13), 107 So.3d 583, 596. Specifically, Rule 1-3, Uniform Rules-Courts of Appeal, provides "[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise."

Entergy admits that the instant assignment of error was not raised before the district court. It explains, however, it was unable to timely file a motion for new trial when its attorney's name was omitted from the notice of judgment. The record reflects this omission. Therefore, in the interests of justice, this Court shall review Entergy's assignment of error. *See* La. Code Civ. Proc. art. 2164.

---

[3] Counsel for Entergy raised the same arguments in opposition to the Appellee's respective directed verdicts.

The crux of Entergy's assignment of error is that Cox's alleged judicial confession, which it alleges was made in two motions for summary judgment, and in response to requests for admissions, that it owned the line at issue constituted full proof of at issue. Thus, said confession obviated the need for Entergy to establish ownership of the line at trial. We find this argument is meritless because Entergy failed to introduce the alleged judicial confession into evidence at trial. Moreover, Entergy failed to prove all of the elements of its claim against the Appellees, as required under La. Civ. Code art. 2317.1.

"A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it." La. Civ. Code art. 1853. "The well settled jurisprudence establishes that an admission by a party in a pleading constitutes a judicial confession." *1182 C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 03-1003, p. 5 (La. 12/3/03), 861 So.2d 156, 159 (citations omitted). Moreover, responses to requests for admissions are also deemed "conclusively established unless the court on motion permits withdrawal or amendment of the admission." La. Code Civ. Proc. art. 1468.

The Appellees do not deny this admission is in the record and aver that Cox never misrepresented to the district court that it did not own the line in question. Nevertheless, they argue Entergy did not carry its burden of proof by having this admission introduced into evidence.

The Appellees maintain that despite a matter being considered conclusively established if admitted under Requests for Admissions, said responses to requests for admissions are required to be introduced into evidence at trial to be considered by the trier of fact and appellate court pursuant to La. Civ. Code art. 1468. The

6

Appellees aver several Louisiana cases reflect that alleged judicial confessions must be entered into evidence in jury trials: *Sinha v. Dabezies,* 590 So.2d 795, 797-99 (La.App. 4 Cir. 1991) [upholding the district court's determination that a statement made by the defendant in his original answer was not a judicial confession admissible at trial]*; Brennan v. Shell Offshore, Inc.,* 92-0353 (La.App. 4 Cir. 1/14/93), 612 So.2d 929, 934 [holding the defendant's introduction into evidence of cross-claim declarations for indemnity, and a judgment and jury interrogatories from an underlying Jones Act lawsuit amounted to a judicial confession of its negligence]*; and Glasscock v. Board of Sup'rs of LSU*, 49,855, pp. 27-32 (La.App. 2 Cir. 8/19/15), 174 So.3d 757, 771-73 [holding the jury did not err in considering plaintiff's judicial confession made at trial and a related jury instruction in reaching its verdict]. We agree.

For instance, in *Romero v. Cola*, 15-1058 (La. App. 3 Cir. 5/25/16), 193 So. 3d 418, a matter involving a lease dispute, plaintiffs/lessors propounded a request for admissions to defendants/lessees, including a request stating that the amount of monthly rent was $600. *Id*., 15-1058, pp. 4-6, 193 So. 3d at 421-22. The defendants failed to respond to the discovery requests. *Id*. At trial, the defendants' admission regarding the monthly rent was accepted into evidence; nevertheless, the trial court ultimately returned a verdict in favor of the defendants. The *Romero* Court held the trial court committed an error of law in not deeming the requests for admission admitted and "conclusively established as facts" for purposes of the litigation, or in the alternative, not explaining why it failed to do so. *Id*., 15-1058, p. 6, 193 So. 3d at 422. Thus, *Romero*, in addition to the cases cited by the Appellees, reflects that it is the obligation of parties, who are relying upon a

7

judicial admission to satisfy an element of their claim, to introduce said admission into evidence at trial.

Entergy relies upon a prior Third Circuit opinion, *Broussard v. Leger*, 624 So.2d 1304 (1993), to support its assertion that it was not required to introduce Cox's judicial confession into evidence at trial. In *Broussard*, plaintiffs' in a personal injury suit appealed a district court judgment that dismissed their claim for "failing to make a prima facie case as to the identity of the tortfeasor driving the vehicle that rear-ended them." *Id.* at 1304. On appeal, the Third Circuit reversed the district court and remanded for a new trial, holding that the district court overlooked the fact that the defendant made a judicial admission in his answer to the plaintiff's petition that he was the driver that rear-ended the plaintiffs'. *Id.* at 1306. The *Broussard* Court reasoned that the trial judge erred in requiring the plaintiffs to establish a point the defendant had already conceded. *Id.* at 1307.

We decline to apply *Broussard* in this matter, finding that the onus falls on plaintiffs to carry their burden of proof and, therefore, present potential judicial admissions to the district court for consideration and introduction into evidence at trial. Documents or "evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." *Denoux v. Vessel Management Services, Inc.,* 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Entergy failed to introduce the responses into evidence.[4]

Lastly, proof of ownership of the line is only one element of the burden of proof Entergy had against the Appellees. La. Civ. Code art. 2317.1 entitled

---

[4] Notably, none of the four aforementioned witnesses identified the line at issue as belonging to Cox, nor was any other evidence introduced that it was Cox's property.

8

"Damages caused by ruin, vice or defect in things." Sets forth the requirements for establishing a claim for damages caused by ruin, vice or defect and provides in pertinent part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care and that he failed to exercise such reasonable care. . . .

In applying the article to this matter, Entergy had to not only establish Cox had ownership or custody of the line, but also that: Cox knew or should have known of the line's condition; that the damage could have been prevented by exercising reasonable care, and Cox failed to do so. As previously noted, the record reflects that at least three of these factors— ownership, knowledge of the condition of the line, and the ability to prevent the damages— were argued before the district court during the directed verdict hearing. However, no testimony was elicited from the witnesses at trial as to Cox's knowledge of the condition of the line at issue.[5] Thus, the district court had a reasonable basis to conclude that Entergy could not carry its burden of proof under 2317.1 upon determining that *any one* of these prongs was not satisfied at trial.

In the matter *sub judice*, reasonable persons on the jury could not have reached different conclusions on whether Entergy carried its burden of proof under La. Civ. Code art. 2317.1. Considering the vast discretion of the district court, the facts presented and the applicable law, we affirm the judgment of the district court.

---

[5] Indeed, it was established through Mr. Warren's testimony that Entergy's pole sustained serious termite damage and was designated for replacement by Entergy's pole inspector in 2007. The pole, however, was never replaced, according to Mr. Warren's testimony. Thus, instead of establishing Cox's awareness of an alleged faulty line, Entergy presented testimony revealing its awareness of the deteriorated pole.

## DECREE

For the foregoing reasons, the October 24, 2019 judgment of the district court, granting the respective motions for directed verdict of the Appellees, Cox Communications Louisiana, LLC ("Cox") and its insurer, BSC Insurance Company, is affirmed.

**AFFIRMED**