# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

**05-1296**


**STATE OF LOUISIANA**

**VERSUS**

**CHRISTOPHER BALKA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ON APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NUMBER 04-8009
HONORABLE ROBERT WYATT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy H. Ezell, and James T. Genovese, Judges.

Ezell, J. concurs in the result.
Genovese, J. concurs in the result.

**AFFIRMED.**


Rudy Soileau
Attorney at Law
717 Pujo Street
Lake Charles, Louisiana 70602
(337) 433-0110
COUNSEL FOR APPELLANT:
 Honorable Wilford D. Carter

Glen R. Petersen
Sharp Hymel Cerniglia Colvin
Weaver & Davis, L.L.C.
15171 South Harrell's Ferry Road
Baton Rouge, Louisiana 70816
COUNSEL FOR APPELLEES:
 Calcasieu Parish District Attorney's Office and
 Assistant District Attorney Cynthia S. Killingsworth

**COOKS, Judge.**

## STATEMENT OF THE CASE

Judge Wilford D. Carter of the Fourteenth Judicial District Court appeals the judgment of the trial court granting the Calcasieu Parish District Attorney's Exception of No Cause of Action. We have examined Judge Carter's pleadings, heard the oral argument of his counsel and determined he does state a *personal* cause of action against the District Attorney for damages. However, such an action is properly brought in a separate civil suit for damages instead of in the present criminal proceeding by the filing of a Motion for Sanctions. Thus, we are compelled to affirm the trial court's dismissal of the Motion for Sanctions, for the reasons expressed herein, but reserve the right of Judge Carter to file a civil action to redress his grievance under state and federal law which expressly provides a remedy for the harm he allegedly sustained.[1]

## STATEMENT OF THE FACTS

On or about March 29, 2005, the Calcasieu Parish District Attorney, Rick Bryant, issued a subpoena to the Honorable Wilford D. Carter to compel his testimony in a criminal matter, *State v. Balka*, Docket Number 04-8009, which was set for trial before Judge Robert Wyatt. In response, Judge Carter filed a Motion to Quash the subpoena asserting "that the issuance of the subpoena occurred, at least in part, to achieve ends outside the attendance of the witness." On April 11, 2005, the criminal defendant, Christopher Balka, pled guilty thereby rendering the Motion to Quash moot. Thereafter, Judge Carter filed a Motion for Sanctions against the District Attorney contending the District Attorney had issued the subpoena "in whole or in part, to force or otherwise accomplish the recusal of the Honorable Wilford

---

[1] Since the subpoena, which forms the basis for the complaint, was issued on or about March 29, 2005, the deadline for filing is fast approaching though not yet expired.

2

Carter in a separate action assigned to Division F of the Fourteenth Judicial District Court" and the Judge requested "reasonable and appropriate sanctions." The Motion was filed in the criminal proceeding under the same docket number before Judge Wyatt. Judge Wyatt granted the District Attorney's Exception of No Cause of Action.

Following Judge Wyatt's dismissal of the Motion for Sanctions, Judge Carter filed a Rule to Show Cause and Order for Citation of Direct Contempt against District Attorney Rick Bryant, and Assistants Cynthia Killingsworth and Carla Sigler. The Rule for Direct Contempt was issued by Judge Carter in Division F, with Judge Carter presiding. The Rule alleged the District Attorney and Assistants violated the direct contempt provisions found in La.Code Crim.P. art. 21, which provides, in relevant part:

> A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge;
> . . . .
> A direct contempt includes, but is not limited to, any of the following acts:
> . . . .
> (5) Contumacious, insolent, or disorderly behavior toward the judge or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court or to impair its dignity or respect for its authority;
> . . . .
> (7) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a motion, plea, brief, or other document, filed with the court, in irrelevant criticism of another attorney or of a judge or officer of the court;

Judge Carter asserted the language in the District Attorney's Motion to Recuse, and the police report, contained numerous derogatory comments and was filed solely for the purpose of embarrassing, insulting or impugning the integrity of the court and was designed to impair its dignity and respect. Prior to the contempt hearing, Judge Carter dismissed the complaint against Rick Bryant, who is now a colleague of Judge Carter on the bench. Judge Carter wrote: "I vacated the contempt order with regard to Robert "Rick" Bryant, because at the time he was sworn in as District Court Judge,

3

and I decided to vacate the order with regard to Judge Bryant to promote unity, professionalism and improve the public image of the Court." The two remaining Assistant District Attorneys objected to the contempt hearing before Judge Carter and filed a writ application to this court. This court held Judge Carter's rule for direct contempt failed to state any facts upon which the Assistant District Attorneys could be found in contempt and vacated the hearing set for May 27, 2005. *In Re: Robert "Rick" Bryant, Cynthia Killingsworth, and Carla Sigler*, an unpublished writ bearing docket number 05-0638 (La.App. 3 Cir. 5/25/05). The Louisiana Supreme Court reversed this court's order and remanded the Rule for Contempt for a hearing before a judge other than Judge Carter. *In Re: Robert "Rick" Bryant, Cynthia Killingsworth, and Carla Sigler*, 05-1383 (La. 6/17/05).

On July 8, 2005, a hearing was held before Judge Michael Canaday. Judge Canaday tried the matter as a direct contempt hearing under La.Code Crim.P. art.21 (5) and (7). Judge Carter was not called to testify, and his counsel was excluded from participation in the hearing. Judge Canaday made the determination "that this Court stands in Judge Carter's shoes, specifically as the representative of the Court in directing the inquiry into the direct contempt." Judge Canaday did not find the two Assistants guilty of direct contempt under La.Code Crim.P. art. 21(5) and (7). However, he stated:

> I will state quite candidly I do have some concern about the tenor of the language that is contained in that offense report. I believe there's significant editorial in there that is maybe above and beyond what an offense report should contain and that would cause me some concern;

Judge Carter did not file an emergency writ to this court or the supreme court seeking to prevent his exclusion from the hearing, and since a judgment of acquittal was entered in favor of the two Assistant District Attorneys, no appeal is possible from Judge Canaday's ruling. However, the transcript of the hearing was made a part

4

of the supplemental record in the present appeal.

## LAW AND DISCUSSION

We find, based on the pleadings and argument of counsel, Judge Carter does state a *personal* cause of action against the District Attorney. The crux of his argument is that the subpoena issued to him was improper, without lawful basis, and was designed "at least in part to achieve other ends outside of the pending prosecution, [and constituted] . . . a violation of the duties and obligations imposed on a prosecutor." Further, Judge Carter alleges the District Attorney, in issuing the subpoena was seeking his recusal in *State v. Sam.* Moreover, Judge Carter alleges the language contained in the District Attorney's Motion to Recuse, which was virtually identical to the language in the police report, was filed solely for the purpose of embarrassing, insulting or impugning his integrity and respect. The truth of the facts alleged in the police report were attested to by the District Attorney in the Motion to Recuse, when it stated: "For purposes of this motion, the State accepts the account of events listed in the offense report as true and correct. The State has no reason to suspect that the report is inaccurate in any detail, and has substantially relied on it as the basis for this motion." The entirety of the police report was made public by the District Attorney's office and ultimately was reported in the Lake Charles newspapers. We have reviewed the police report and Motion to Recuse and agree with Judge Canaday's conclusion regarding its tenor and content. What is particularly troublesome is the fact that the police felt free to engage in what Judge Canaday called "significant . . . [editorializing]" about the character of a sitting district court judge. It is not unreasonable to believe, as Judge Carter's pleadings suggest, that the police department knew the report would be favorably received as an official report by the District Attorney. Also, it is not a reach for Judge Carter to believe the District Attorney and the police were acting in concert to subject him to

humiliation, nor is it a reach for Judge Carter to conclude the District Attorney was using his power of subpoena to achieve ends outside the attendance of a witness. Such abuse of power is not protected by the immunity provisions contained in state and federal law. Judge Wyatt relied on La.Code Crim.P. art. 61 to conclude the law does not allow the court to sanction a district attorney for abuse of his authority in the prosecution of a criminal case.[2] However, there are limits to the power of the district attorney and a district attorney cannot claim absolute immunity from suit for violations under 42 U.S.C. § 1983.

In the United States Supreme Court case of *Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606 (1993), the petitioner alleged the prosecutors and police conspired to link the boot print at the murder scene with his print by witness "shopping." "At the time of this witness shopping the assistant prosecutors were working hand in hand with the sheriff's detectives. . . ." *Id.* at 272. The Court held the prosecutors were not entitled to absolute immunity, stating:

> A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity.

*Id.* at 273.

Moreover, the Court stated:

> We further decided, however, that prosecutors are not entitled to absolute immunity for their actions in giving legal advice to the police.

*Id.* at 271. *See* 42 U.S.C. § 1983; *Walls v. State*, 95-1133 (La.App. 3 Cir. 1/31/96), 670 So.2d 382, *writ denied*, 96-570 (La.12/13/96), 692 So.2d 368.

Judge Carter has attempted to have the merits of his claim against the District

---

[2] La.Code Crim.P. art. 61 provides, in relevant part, "the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute."

Attorney heard and has brought his complaint before two judges.[3]  However, part of the reason his complaint was never heard is the fact that it has not been entirely clear in what capacity Judge Carter was proceeding - individually or in his capacity as a judge.  In order to determine his capacity, we must examine the relief sought in each of the hearings.

In the first hearing before Judge Wyatt, which is now on appeal, Judge Carter filed a Motion for Sanctions; and, his attorney at oral argument stated Judge Carter is seeking to recover damages in the form of attorney's fees and costs.  These damages are recoverable by Judge Carter *personally*, but are not recoverable by him in his capacity as a judge.  A Motion for Sanctions is not the proper vehicle nor is a criminal proceeding the proper forum to litigate Judge Carter's personal claim for damages.  Judge Wyatt's dismissal of the Motion for Sanctions does not prevent Judge Carter from filing a civil suit for damages because Judge Wyatt did not decide the merits of Judge Carter's *personal* claim.

The second hearing was a criminal proceeding for contempt and was brought by Judge Carter in his official capacity as judge. He was not requesting monetary damages in the form of attorney's fees and costs.  Instead, he was seeking to impose "a fine of not more than one hundred dollars, or imprisonment for not more that twenty-four hours, or both" under La.Code Crim.P. art. 25(C) for violation of La.Code Crim.P. art. 21(5) and (7).  Judge Canaday determined "that this Court stands in Judge Carter's shoes, specifically as the representative of *the Court* in directing the inquiry into the direct contempt." (emphasis added.)  As such, Judge Canaday's ruling does not affect any *personal* cause of action Judge Carter may have

---

[3] Judge Carter's counsel, Rudie Soileau, has provided impassioned arguments in numerous forums on Judge Carter's behalf, risking at times his own reputation and integrity.  In fact, Mr. Soileau was found guilty of contempt of court, which judgment was reversed on writ application to this court. *State v. Balka (In Re: Rudie Soileau Jr.)*, 05-913 (La.App. 3 Cir. 7/14/05).

against the office of the District Attorney, or its staff, for violations of federal or state law.

We, therefore, find Judge Carter's Motion disclosed that he has a viable cause of action; and the granting of an Exception of No Cause of Action was error. However, Judge Carter has stated his claim in the wrong proceeding. We, thus, are compelled to affirm Judge Wyatt's ruling.

**DECREE**

Based on the foregoing review of the record, we affirm the trial court's dismissal of the Motion for Sanctions, but reserve the right of Judge Carter to file a civil action to redress his grievance under state and federal law which expressly provides a remedy for the harm he allegedly sustained.

**AFFIRMED.**