# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-823


**HONORABLE WILFORD D. CARTER**

**VERSUS**

**HONORABLE JUDGES, DIVISIONS A-E, G, & I**
**OF 14TH JUDICIAL DISTRICT**


\*\*\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-5029
HONORABLE TED R. BROYLES, DISTRICT JUDGE AD HOC


\*\*\*\*\*\*\*\*\*\*\*\*


## MICHAEL G. SULLIVAN
## JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*


Court composed of Michael G. Sullivan, Glenn B. Gremillion, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Rudie R. Soileau, Jr.**
**Attorney at Law**
**717 Pujo Street**
**Lake Charles, Louisiana 70601**
**(337) 433-0110**
**Counsel for Plaintiff/Appellant:**
          **Honorable Wilford D. Carter**

**Rick J. Norman**
**Norman Business Law Center**
**145 East Street**
**Lake Charles, Louisiana 70601**
**(337) 436-7787**
**Counsel for Defendants/Appellees:**
          **14th Judicial District Honorable Judges, Divisions A-E, G, & I**

**SULLIVAN, Judge.**

Judge Wilford D. Carter of the Fourteenth Judicial District Court (Court) appeals the trial court's denial of his request for a judgment declaring that attorney fees for which he seeks payment were incurred by him in his official capacity as judge and ordering the judges of the Court to pay those attorney fees from the Court's judicial expense fund. For the following reasons, we affirm.

### *Facts and Procedural History*

Judge Carter's claims stem from a criminal proceeding and from a civil proceeding. The facts surrounding his claims which arise from the criminal proceeding were set forth in detail by another panel of this court in *State v. Balka*, 05-1296 (La.App. 3 Cir. 3/6/06), 925 So.2d 679. Briefly, as the result of a subpoena which was issued by the District Attorney to compel Judge Carter's appearance in that criminal proceeding, Judge Carter sought damages in the form of attorney fees and costs and sought to have the District Attorney and two of his assistants held in direct contempt of court.

The panel in *Balka* determined that Judge Carter's claims for damages in the form of attorney fees and costs with respect to the subpoena were only recoverable by him personally and not in his official capacity as judge. However, the panel also held that the contempt proceeding was "brought by Judge Carter in his official capacity as judge." *Id.* at 682.

Judge Carter initiated the civil proceeding on January 26, 2006, when he ordered the clerk of court to assign one-ninth of the Court's domestic and juvenile matters to his division. Pursuant to La.R.S. 13:587 and Local Rule 23.0(A), Rules for Louisiana District Courts, Fourteenth Judicial District Court, all domestic and

1

juvenile matters are allotted to two of the Court's nine judges. In response, seven of the Court's nine judges issued an order to the clerk of court, instructing him to disregard Judge Carter's order "and maintain the allotment system for cases to the Family and Juvenile Divisions." Judge Carter filed a writ application with this court which was denied, *Carter v. Jones*, an unpublished writ opinion bearing docket number 06-207 (La.App. 3 Cir. 3/3/06).

Judge Carter then converted the pending action to an ordinary action for declaratory and incidental relief and named the clerk of court, the Court, through its duly elected Judges in their official capacities, and the State of Louisiana, through the Attorney General, as defendants. He sought a judgment declaring the Court's procedure of assigning juvenile and family matters to two of the Court's nine judges, as provided in La.R.S. 13:587,[1] unconstitutional. He also asserted a claim for attorney fees.

Pursuant to an order of the supreme court, the matter was tried before the Honorable Anne Lennan Simon, Judge *Ad Hoc*, on December 7, 2006. Judge Simon concluded that La.R.S. 13:587 is "not prohibited by La. Constitution Art. V, Sec. 16" and dismissed Judge Carter's claims with prejudice at his cost. Judge Carter appealed the judgment; this court affirmed. *Carter v. Jones*, 07-297 (La.App. 3 Cir. 10/17/07), __ So.2d __.

On October 24, 2006, Judge Carter filed the instant matter, seeking:

---

[1] Louisiana Revised Statute 13:587(A) provides:

The judges of the Fourteenth Judicial District Court may, by rule adopted by a majority vote of the judges sitting en banc, designate and assign to one or more divisions of the court any or all types of juvenile matters of which the court has jurisdiction and any or all types of domestic relations matters of which the court has jurisdiction.

1. A declaratory judgment declaring that the fees charged by his attorneys "were lawfully incurred for the operation and protection of the Court, Division 'F'" and an order ordering that the fees be paid out of the Court's funds;

2. Alternatively, a writ of mandamus directing the judges of the Court to pay his attorney fees;

3. A temporary restraining order restraining the judges of the Court from "disbursing any funds for the payment of legal fees out of Court funds or any other public funds until further orders of the Court"; and

4. Attorney fees and costs.

Defendants filed exceptions of res judicata/collateral estoppel and no cause/no right of action/lack of procedural capacity. The supreme court appointed the Honorable Ted R. Broyles, Judge *Ad Hoc*, to preside over the matter. After a hearing on the exceptions, Judge Broyles assigned oral reasons, granting the exceptions of no cause of action/no right of action and res judicata/collateral estoppel. Judge Broyles concluded that Judge Carter is not entitled to recover attorney fees because La.R.S. 13:5108.1,[2] which provides for the indemnification of public officials for their actions, contemplates that the public official seeking indemnification was sued, not filing suit, and because he did not prevail in the proceedings for which he seeks attorney fees.

Judge Carter assigns three errors in this appeal:

1. The trial court erred in sustaining a peremptory exception of no cause of action and thereby holding that, as a matter of law, no remedy is available to a state trial judge to challenge a denial of funding for the division to which the

---

[2] Louisiana Revised Statute 13:5108.1(A) provides in pertinent part:

(1) The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state.

3

petitioning judge is elected, even where that denial of funding is alleged to be arbitrary and punitive, and supported only by a majority vote.

2. The trial court erred in sustaining a peremptory exception of no right of action and thereby holding that, as a matter of law, a state district court judge possesses no right of action to bring the action for review of a denial of funding for the division to which the judge is elected.

3. The trial court erred in sustaining a peremptory exception of res judicata thereby holding that, as a matter of law, an action for judicial review of a denial of funding is barred by prior actions brought by that judge to defend or exercise the jurisdiction assigned to the division to which the judge is elected to serve.

***Discussion***

Judge Carter seeks reimbursement for attorney fees he incurred in the *Balka* criminal proceedings, the allotment of civil domestic matters proceeding, and this proceeding. He urges that the trial court's denial of his claims for attorney fees impairs the function of his office and that his claim is a cause of action separate from the three actions for which he seeks attorney fees. He contends that there is a common thread to all three actions: "an effort to defend and exercise the jurisdiction granted [his division]" and that he "initiated this proceeding to challenge a denial of requested funding for Division F." He claims that the denial of his request for the payment of attorney fees by the other judges of the Court is "arbitrary and punitive" because they paid attorney fees they incurred in conjunction with this matter from the judicial expense fund.

The Court's judicial expense fund was established by La.R.S. 13:996.9. Disbursements from the judicial expense fund are governed by La.R.S. 13:996.10(A) (emphasis added), which provides in part:

4

In general, the judicial expense fund is established and *may be used for any purpose or purposes connected with, incidental to or related to the proper administration or function of the said court or the offices of the individual judges* and is in addition to any and all other funds, salaries, expenses, or other monies that are not or hereafter provided, authorized, or established by law for any of the aforesaid purposes.

For the following reasons, we affirm the judgment of the trial court.

*Mandamus*

Judge Carter initiated this proceeding by filing a Petition for Writ of Mandamus and Rule to Show Cause and Declaratory Judgment. He seeks a writ of mandamus ordering Defendants to pay his attorney fees. A writ of mandamus directs a public officer or a corporation or an officer thereof to perform duties specified in La.Code Civ.P. arts. 3863 and 3864. La.Code Civ.P. art. 3861. A mandamus provides extraordinary relief, as it may only be issued "where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice." La.Code Civ.P. art. 3862. Article 3863 provides that "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law."

Judge Carter's request that a writ of mandamus issue is misplaced. Louisiana courts have routinely held that a writ of mandamus should issue only in situations "where the actions sought to be performed . . . are purely ministerial in nature." *See Hoag v. State*, 04-857, p. 6 (La. 12/1/04), 889 So.2d 1019, 1023. "A ministerial duty . . . is one in which nothing is left to discretion." *Id*. The plaintiffs in *Hoag* were awarded a judgment against the state and sought the issuance of a mandamus to the legislature to appropriate funds to satisfy their judgment. The supreme court explained that plaintiffs' request was inappropriate because a mandamus can issue only when "the public official to whom the writ is directed may exercise no element

of discretion when complying." *Id.* at 1024. The court defined ministerial duty as "a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *Id.*

Pursuant to La.R.S. 13:996.10, the payment of expenses of the Court and/or the judges is permissive, as it provides that the judicial expense fund "*may* be used for any purpose or purposes connected with, incidental to or related to the proper administration or function of the said court or the offices of the individual judges." Therefore, Defendants do not have a legally-imposed duty to pay Judge Carter's attorney fees, and Judge Carter is not entitled to mandamus relief. *Hoag*, 889 So.2d 1019.

### *Disposition*

The judgment of the trial court is affirmed, as the issuance of a writ of mandamus is inappropriate under the facts presented herein.

**AFFIRMED.**